## MILLAY *versus* BUTTS.

Possession of personal property is sufficient evidence of ownership, until controlled by evidence of a superior title.

This principle, however, has no applicability to a case in which the only evidence of possession is to be deduced from the evidence of ownership.

ON EXCEPTIONS from *Nisi Prius,* TENNEY, J., presiding.

TRESPASS against a deputy sheriff, for taking the plaintiff's chattels. The defendant justified the taking by virtue of an execution against one James Millay. The plaintiff introduced evidence tending to prove his ownership and possession of the property. There was no evidence of the possession, or right of possession in the plaintiff, excepting that which tended to show his ownership.

The defendant introduced evidence, tending to show that the plaintiff had disclaimed the property.

The plaintiff objected that the return upon the execution was defective, and could not avail the defendant, as a justification for the taking.

The plaintiff contended that, if he had proved possession of the property in himself, at the time of the taking, the burden of proof was on the defendant to show that the property belonged to James Millay.

The Judge instructed the jury that the burden was upon the plaintiff, to prove his ownership, and that if he failed to establish that fact, the defect in the return of the execution could be of no avail to him.

The verdict was against the plaintiff, and he excepted.

*Bronson,* for the plaintiff.

1st. Possession of personal property is sufficient for the maintenance of an action against a wrongdoer. *Brown* v. *Ware,* 25 Maine, 411.

2d. If defendant justifies, the burden of proof is on him. *Greene* v. *Dingley,* 24 Maine, 131.

3d. The instruction to the jury was wrong, inasmuch as it changed the burden of proof, from the defendant to the plaintiff, against the well settled principles of law. The case

finds that the plaintiff introduced proof tending to show the possession of the property in himself, at the time of the taking. If so, the presiding Judge should have instructed the jury, that if the plaintiff had the possession, the burden was on the defendant to prove that the property was the property of James Millay, and that the same was legally taken on an execution against him.

*Abbott,* for the defendant.

SHEPLEY, C. J. — The suit is trespass for taking certain personal property. For the plaintiff it was insisted, that if he had proved to the satisfaction of the jury possession of the property at the time of taking, the burden of proof was upon the defendant to satisfy them that it was the property of James Millay. The Court refused so to instruct.

Possession of personal property is sufficient evidence of title, until there be proof of a superior title. *Brown* v. *Ware,* 25 Maine, 411. The requested instructions might have been legal and appropriate, if there had been testimony in the case, to which they could have been applicable. But the Court does not err in refusing such instruction, when there is no such testimony. The exceptions state, that there was "no other evidence of the possession or right of possession in the plaintiff excepting that tending to show, that he was the owner thereof." This is equivalent to a statement, that there was no proof of possession, unless he was to be regarded as in possession, because he was the owner of the property. The instruction given upon such a state of facts was correct, that the burden of proof was upon the plaintiff to satisfy the jury, that he was the owner of the property. He could not have been aggrieved by a refusal to instruct in a manner, that would have been legal and appropriate, if there had been testimony introduced, to which the instructions might have been applicable.

It is not now insisted that the instructions respecting an alleged defective return of the officer were not correct.

*Exceptions overruled.*

WELLS, HOWARD, RICE and HATHAWAY, J. J., concurred.