Edward A. Phillips, Appellant, v. A. Schall et al., Respondents.

### Kansas City Court of Appeals, February 15, 1886.

1. Personal Property—Possession of—Ownership—Onus in Replevin.—Possession of personal property is *prima facie* evidence of ownership, and is presumptive evidence that the possession is rightful. Possession may be considered the primitive proof of title, and the natural foundation of right. In the action of replevin, therefore, it devolves upon the plaintiff to prove that at the time of the caption "he had the general, or special property in the goods taken, and the right of immediate and exclusive possession." 2 Greenl. on Evid., sect. 561. The *gist* of the action is the wrongful detention, and not the original taking.

2. Vendor and Vendee—Rights of Vendee in Possession of Land—Case Adjudged.—Where a sale of land was made, and vendee entered into possession under it, he has the unquestioned right to sever from the land standing trees, and making them into railroad ties, and to dispose of them, as in this case, as and to whom he pleases, subject only to equitable protection, if the destruction be so great as to endanger the vendor's lien for the unpaid purchase money.

3. ———— Vendor's Lien—Character of.—The vendor's equitable lien for the purchase money is only one of implication. It is not a vested interest in the property. It is a right which equity, on proper application, may call into activity ; but not a right to and in the thing itself.

4. Mortgages—Conditional Sales—Recording of Respectively—Sections 2507 and 2503, Revised Statutes, Construed—Case Adjudged.—Section 2507, Revised Statutes, has reference to conditional sales of personal property, and expressly declares that *such sales*, unless recorded, shall be void as against *subsequent purchasers and creditors*, without notice, etc. But section 2503 provides that no mortgage * * * of personal property * * * shall be valid against *any other person than the parties thereto*, unless possession of the mortgaged property be delivered to and retained by the mortgagee, * * * or unless the mortgage * * * be acknowledged, etc., and recorded, etc. Only the latter provision has any application to this case.

Appeal from Benton Circuit Court, Hon. Jas. B. Gantt, Judge.

*Affirmed.*

Statement of case by the court.

This is an action of replevin, for the recovery of 7,515 railway ties. The usual delivery order was made, under which the sheriff took possession of the property and delivered it to plaintiff. The suit was begun against defendant Schall alone. His answer was a general denial, and further alleged that he was in possession of the ties as the agent and employe of Bancroft and McDaniel, the owners of the ties. On their application, Bancroft and McDaniel were made parties defendant and answered, alleging that they were partners, that Schall held possession of the ties at the time of the institution of the suit, as their agent ; and after denying generally the allegations of the petition, they averred that the value of the ties was one thousand and five hundred dollars, that they were damaged in the sum of five hundred dollars, by the wrongful taking, and demanded return of the property, etc.

On trial before a jury, the plaintiff testified that in the fall of 1881 he owned a certain tract of land in Benton county, valuable principally for the timber on it ; that he never saw the land ; that he then sold the land to one Smalley for the sum of three hundred dollars, who entered into the possession thereof under said sale. The sale was by parol ; and that he made a contract with Smalley, who did not have the money then to pay for the land, that he (Smalley) might go upon the land and make ties out of the timber upon it, but that the ties were not to be removed from the land until Smalley paid for the land.

On objection of defendants so much of the plaintiff's testimony as pertained to the conditions on which Smalley might make the ties, was by the court excluded.

The plaintiff further proposed to testify that he was never in possession of the ties, except as owner of the land sold to Smalley, and that the ties were made of the

timber thereon, and that the ties remained upon the land until removed by defendants. This the court excluded.

Plaintiff further testified that in June, 1882, after Smalley had made said ties, he (Smalley) wished to borrow some money from a bank in Sedalia, and that plaintiff went on his note as surety, and that, to secure him, Smalley gave him a receipt in the nature of an acknowledgement of so much money for the ties. This was also excluded as immaterial.

Plaintiff further testified that after this, in July, 1882, to further secure himself, he took from Smalley a chattel mortgage on said ties. This mortgage was offered in evidence by plaintiff. To its admission the defendants objected for the reason that the same was not recorded in the county where the mortgageor resided. It was recorded in Benton county, and it was admitted that the mortgageor resided in Pettis county. The objection was sustained. Thereupon plaintiff offered to show that defendants had notice of the mortgage ; but this was also excluded.

Thereupon the plaintiff took a non-suit ; and on motion of defendants the court proceeded with the ascertainment of the value of the property taken under the delivery order, and the damages. The value was assessed at $1,500, and judgment rendered accordingly against plaintiff and his sureties. From this judgment plaintiff prosecutes this appeal.

Wm. S. Shirk and Jas. H. Lay, for the appellant.

I. It was error to exclude the evidence showing the contract between plaintiff and Smalley, as to the ties. It was necessary for Smalley to perform the condition agreed upon between them before he acquired title to the ties, or a right to their possession or removal. 7 Wait's Actions & Defences, 354, *et seq.; Ibid.* 356. The contract between them amounted to a *license* from plaintiff to Smalley to enter upon his land and cut timber upon condition that the ties made out of the trees should not be moved until certain money should be paid. Such a

· license is legal and will be enforced. *Granby Mining Co. v. Turley*, 61 Mo. 375.

II. Until defendants showed that they were creditors of Smalley, and had seized the ties as such, or were purchasers from him in good faith, the evidence offered and excluded and the mortgage were competent. Neither the statute as to the recording of chattel mortgages (section 2503), nor that concerning conditional sales (section 2507), was intended to protect mere trespassers, as againt a *bona fide* mortgagee or conditional vendors. Such sales are only invalid as against creditors and subsequent purchasers in good faith without notice. *Coover v. Johnson*, Sup. Ct. Mo., not yet reported (21 Cent. L. J. No. 23).

WILKERSON & MONTGOMERY, for the respondents.

I. The defendants were in possession of the ties in controversy, and their possession made them *prima facie* the owners thereof. 1 Greenl. Evid., sect. 34; *Magee v. Scott*, 9 Cushing (Mass.) 148; *Milling v. Butts*, 35 Maine 139; *Vining v. Baker*, 53 Maine 544.

II. The burden was on plaintiff to show that at the time the property was taken in the replevin suit, he had the general or special property in the chattels taken and the right of *immediate* and *exclusive* possession. This he failed to do. 2 Greenl. Evid., sect. 561; *Collins v. Evans*, 15 Pick. (Mass.) 63; *Pilkinglon v. Trigg*, 28 Mo. 95.

III. The evidence as to the contract between plaintiff and Smalley was properly excluded; and so as to the writing offered in evidence; and so as to the chattel mortgage. The mortgageor resided in Pettis county and the mortgage was not recorded in that county. Rev. Stat., sect. 2503. Besides, there was nothing to show that the ties were included in the mortgage, and there was no offer to prove that they were. The fact that plaintiff had full notice of the existence of said mortgage would make no difference. *Byron v. Phenix*, 18 Mo. 13; *White v. Graves*, 68 Mo. 218; *Greely v. Read-*

*ing*, 74 Mo. 309. If the excluded evidence had been admitted it would not have entitled plaintiff to recover.

IV. Defendants did not have to prove that they were creditors or, that they were not trespassers. The law presumed they were the owners of the ties.

Philips, P. J.—It is conceded that at the time of the institution of this action the defendants were in possession of the property. Possession of personal property is *prima facie* evidence of ownership, and is presumptive evidence that the possession is rightful. 1 Greenl. Evid., sect. 34; *Magee v. Scott*, 9 Cush. 150; *Milling v. Butts*, 35 Me. 139. "Possession indeed may be considered the primitive proof of title and the natural foundation of right." *Linscott v. Trask*, 35 Me. 151.

In the action of replevin, therefore, it devolves upon the plaintiff to prove that at the time of the caption "he had the general or special property in the goods taken, and the right of immediate and exclusive possession." 2 Greenl. Evid., sect. 561. The gist of the action is the wrongful detention and not the original taking. *Melton v. McDaniel*, 2 Mo. 45; *Pilkington v. Trigg*, 28 Mo. 95. The *onus* was on the plaintiff, under the general denial, to establish his title to the specific property in question, and his right to the immediate and exclusive possession. *Morgner v. Biggs*, 46 Mo. 66; *Gray v. Parker*, 38 Mo. 165.

The important question, therefore, for determination is, did the plaintiff offer competent and adequate evidence, which was excluded by the court, to prove title in him to the ties, and his right to the immediate possession thereof? If he did not his non-suit was voluntary, and his appeal must fail.

Conceding, for the purposes of this discussion, that plaintiff was the owner of the land at one time from which the ties were cut and taken, this of itself was not sufficient to enable him to recover in this action, where he was not in actual possession at the time of caption, and the land was in possession of his vendee under a

contract of sale. It can make no difference that the contract of sale was by parol, for so long as the plaintiff recognized and affirmed it the statute of frauds did not nullify it. *Krats v. Stack*, 42 Mo. 358; *McDaniel v. Lynch*, 59 Mo. 350; *Galway v. Shields*, 66 Mo. 313.

Smalley entered into the possession under this sale, according to plaintiff's statement. Without more, the vendee in possession would have the unquestioned right to sever from the land standing trees, and make them into railroad ties, and to dispose of them as and to whom he pleased. If, however, the destruction and removal of the timber should be carried to such an extent before payment of the purchase money as to endanger the vendor's lien, equity perhaps would afford him a remedy on proper application and showing.

Plaintiff further testified that he authorized the vendee to cut the timber and convert it into ties, but with the agreement and understanding that the vendee was not to remove the ties until the purchase money for the land was paid. But did this give the plaintiff such interest in the ties and right of possession as would enable him to maintain the action of replevin had the vendee himself removed the ties contrary to the agreement? The dealings between the plaintiff and Smalley touching the ties, after they were made, show that the plaintiff recognized Smalley's ownership of them. He took them as collateral security, and also took a chattel mortgage on them to secure a debt against Smalley. He did not, therefore, show title to the ties by proof of legal title in him to the land.

Nor did his contract with Smalley, limiting his right of removal, give him either the general ownership of, or a special lien on, the ties, and the right of immediate possession. The case of *Granby M. & S. Co. v. Tracy* (61 Mo. 375), so far from supporting appellant's contention, is direct authority against him. The owner there never sold the land to the miners, but merely set apart to them certain lots for digging ore therefrom, for which ore, when dug, they were to receive from the owner cer-

tain compensation. The contract specifically provided that no right, title, or interest to or in the land should vest in the miners, under any circumstances, but the same should remain the absolute property of the plaintiff. There was no sale of the land, nor of the ore, absolute or conditional. It was a mere license to enter and mine, the ore all the while to continue and remain the property of the owner of the freehold. In such case the miners merely held a lien on the mineral for their pay for digging, as provided. So the court say : "They never possessed any right or title in this mineral apart from their lien, and, therefore, they could neither sell nor convey it."

On page 377 of this opinion the court say that had the miners acquired any title to the ore by the contract, "then their sale to the defendant was simply a violation of their contract with the plaintiff, for which they would be responsible in damages, but the right of the defendants (their vendees) would not be affected."

Such is this case. By the sale of the land to Smalley he became the owner of the trees, subject to the vendor's equitable lien for the purchase money. This lien is only one of implication. *Orrick v. Durham*, 78 Mo. 177. It is not a vested interest in the property. It is a right which equity, on proper application, may call into activity. It is a mere equitable lien, and not a right to and in the thing itself. Under the imputed contract the right of property in the ties remained in Smalley. The reservation made by the plaintiff was not any right of property in the ties, as such, nor any lien on them for the purchase money, nor any right of reclamation at any given time, nor on any condition, whatever. The vendee was simply not to remove them until he paid, not for the ties, but for the land. Conceding the removal to have been made by Smalley, it "was simply a violation of his contract with the plaintiff, for which he would be responsible in damages."

If the plaintiff could not replevin the ties as against Smalley, neither can he as against the defendants. The

presumption of law is, as already stated, that defendants' possession was rightful, and not tortious. It is to be presumed, until the contrary appears, that they entered rightfully under Smalley, who is admitted to have been in possession prior to their acquisition of the possession. The *onus* rested on plaintiff to show his right of possession as against them.

There is nothing in the record suggesting any notice to them of the alleged contract between plaintiff and Smalley. There was no evidence that either the note or the purchase money for the land was due at the time of the caption.

Counsel for the appellant insist that the court erred in excluding the mortgage ; and assert that the supreme court, in *Coover v. Johnson,* not yet reported, have held that a chattel mortgage, notwithstanding it is not recorded in the county where the mortgageor resides, is not void, except as against creditors and subsequent purchasers in good faith and without notice. That decision is based on section 2507, Revised Statutes, and has reference to conditional sales of personal property, which expressly declares that such sales, unless recorded, shall be void as against subsequent purchasers and creditors without notice, etc. But section 2503, Revised Statutes, provides that: "No mortgage or deed of trust of personal property, hereafter made, shall be valid against *any other person* than the parties thereto, unless possession of the mortgaged or trust property be delivered to and retained by the mortgagee or trustee, or *cestui que trust,* or unless the mortgage or deed of trust be acknowledged, etc., and recorded in the county in which the mortgageor, etc., resides," etc.

It is void as against every person except the parties. But even if it be conceded that it would be good as against a mere trespasser, it could not avail the appellant, because he failed to show that he was the owner of the ties and entitled to the possession thereof, and because there is nothing in the record to show

that the defendants were trespassers. The presumption ·of law is that they were not wrongdoers.

We are of opinion that the non-suit was premature .and the judgment must, therefore, be affirmed. It .is so ordered. All concur.