ROBERT C. FARRELL, Respondent, v. FARMERS' MUTUAL
FIRE INSURANCE COMPANY OF WORTH COUNTY,
MISSOURI, Appellant.

Kansas City Court of Appeals, April 6, 1896.

1. **Insurance:** PLEADING: REPLY: MOTION TO STRIKE OUT. The
petition alleged that plaintiff's dwelling house covered by policy
sued on was totally destroyed by fire. The answer averred that the
house was blown down and the fire caught in the materials or from
the stove. The reply alleged that the plaintiff did not know whether
the fire was communicated from the stove or from lightning. *Held*,
the answer was in legal effect a denial of the allegation of the petition
and did not amount to new matter and no reply was required and the
motion to strike out the reply should have been sustained, but the
failure to do so did not injure the defendant.

2. ———: EVIDENCE: PROCEEDINGS OF THE BOARD OF DIRECTORS. In
a trial on an insurance policy plaintiff testified to giving notice and
was contradicted by defendant's secretary. *Held*, the proceedings of
the board of directors within five days after the loss showing the loss
was taken up and considered is admissible to corroborate the plaintiff
but not to show liability for the loss.

3. ———: ———: REFRESHING MEMORY: HARMLESS ERROR. Plaintiff,
enumerating the items lost, refreshed his memory by a memorandum
made after the loss. *Held*, while error, it was harmless since his wife
testified to the same items without the aid of memoranda.

4. ———: ———: REMOVING HOUSE. Evidence as to the cost of re-
moving an insured building back to its foundation from which it had
been blown, if irrelevant, was harmless.

5. **Evidence:** DEPOSITION: HARMLESS ERROR. The reading of a depo-
sition of a witness residing in the county where the court sits, is
*held* in this case a harmless error since there was other competent evi-
dence covering the same fact.

6. **Insurance:** EVIDENCE: ATTORNEY AND CLIENT: OTHER INSURANCE.
The fact that plaintiff in this case applied to his attorney to make
proof for the same loss in a cyclone company could not be proved by
the attorney; and, beside, it was immaterial since it was wholly con-
sistent with defendant's liability.

7. ———: PLEADING: VALUED POLICY: INSTRUCTION. An instruction
holding defendant liable for the value of the dwelling destroyed was
proper in this case since the defendant did not plead its four fifths
liability of its policy and there was no evidence of depreciation.

Farrell v. Fire Ins. Co.

8. ———: IDENTITY OF BUILDING: ACCEPTED RISK. Where a policy insures against fire, the company is not liable for loss from other causes; but, when the efficient cause nearest the loss is a peril expressly insured against, the insurer is not relieved by showing the property was brought within the peril by a cause not mentioned in the contract. And where a storm without destroying the identity of the building insured against fire brings it in contact with the fire which destroys it, the insurer is liable.

9. ———: INTEREST: INSTRUCTION: PLEADING. Where the petition on a policy of insurance does not demand interest, an instruction authorizing the allowance of interest is error.

10. ———: CAUSE OF LOSS: INSTRUCTION: INVITED ERROR. An instruction relating to the original cause of the loss is condemned, but the appellant can not complain thereof since it appears to have been given as a substitute for certain of its own asked instructions and, besides, did not prejudice the defendant.

11. ———: IDENTITY OF BUILDING: LIABILITY. If a storm reduced a building to a mass of rubbish, thereby destroying its identity, the fact that fire afterward broke out and destroyed the ruins creates no liability on a policy of insurance against fire.

*Appeal from the Worth Circuit Court.*—HON. P. C. STEPP, Judge.

AFFIRMED.

*McCollough & Peery, W. J. Gibson,* and *Jesse Benson* for appellant.

(1) The court erred in overruling defendant's motion to strike out parts of plaintiff's reply. The company was authorized by law to insure against loss by both fire and lightning. Sess. Acts, 1891, p. 165. A party must recover on the ground stated in his petition, and can not allege a ground of recovery for the first time in his reply. *Louitz v. King,* 93 Mo. 513; *Mohney v. Reed,* 40 Mo. App. 99; *Hill v. Coal Co.,* 119 Mo. 30. (2) It was error to admit the evidence of the offer of defendant's secretary to pay plaintiff $175 "for a settlement," and the cross-examination of defendant's secretary as to the offer, as well as the rec-

ords of the company for the purpose of showing the resolution of the board of directors. *Railroad v. Farrell*, 76 Mo. 183; *Columbia P. M. Co. v. Ins. Co.*, 59 Mo. App. 204; *Fink v. Ins. Co.*, 60 Mo. App. 677; *Smith v. Shell*, 82 Mo. 215. But plaintiff had no right to offer such evidence, for the reason that the doctrine of waiver, applicable in ordinary cases of insurance, has no place here. *Smith v. Ins. Co.*, 1 Allen (Mass.) 297; 79 Am. Dec. 733; *Baxter v. Ins. Co.*, 1 Allen (Mass.) 294; 79 Am. Dec. 730; *Frohley v. Ins. Co.*, 32 Mo. App. 302; *Harvey v. G. L. A. O. U. W.*, 50 Mo. App. 477, and cases therein cited. (3) It was also error to permit the plaintiff to use a list which he had made more than a year after the fire, to aid him in testifying. *Stavinow v. Ins. Co.*, 43 Mo. App. 513; Thompson Trials, secs. 398–402; 1 Whar. Ev. 523. (4) The testimony of the witness Wheat as to what it would cost to replace the building on its foundations was improperly admitted. (5) The deposition of T. J. Funderburg was erroneously admitted. It could not be read by plaintiff without proof of the facts required by the statute to authorize its being read. R. S., sec. 4461; *Grinnan v. Mockbee*, 29 Mo. 345; *Livermore v. Eddy*, 33 Mo. 547; *Gaul v. Wenger*, 19 Mo. 541; *Wetherell v. Patterson*, 31 Mo. 458; *Carpenter v. Lippitt*, 77 Mo. 242; *Hollfield v. Black*, 20 Mo. App. 328. The error is presumed to be prejudicial, and it devolves on plaintiff to show that it was not. *Dayharsh v. Railroad*, 103 Mo. 578, *loc. cit.*; *Bindbeutal v. Railroad*, 43 Mo. App. 463; *Hawes v. Stock Yards*, 103 Mo. 60; *Columbia P. M. Co. v. Ins. Co.*, 59 Mo. App. 208, *loc. cit.*; *State v. Taylor*, 118 Mo. 161, *loc. cit.*; *Beard v. Car Co.*, 2 Mo. App. 875. (6) The court erred in excluding the offer of defendant to show by W. J. Gibson that the plaintiff applied to him to have proofs of loss made under a cyclone policy on the building in contro-

.versy.   *Crabtree v. Vanhoozer*, 53 Mo. App. 410; *Ault-man v. Daggs*, 50 Mo. App. 280.   (7)   The instruc-
tions on the part of the plaintiff were erroneous.
Because they directed the jury. to allow the plaintiff
interest on the amount of recovery, when none was
claimed in the petition.   (8)   Because they authorized
a recovery, even though the fire which destroyed the
building may have been a mere incident to the storm; an
intermediate agent, put in motion by the blowing
down of the house, and even though it was a single and
continuous event.   (9)   The instructions for plaintiff
and that given by the court of its own motion are in
direct conflict.   *Evers v. Shumaker*, 57 Mo. App. 454;
*Frank v. Railroad*, 57 Mo. App. 181; *Redpath v. Law-rence*, 42 Mo. App. 101; *Gregory v. Sitlington*, 54 Mo.
App. 60; *Spillom v. Railroad*, 111 Mo. 555; *Hickman v.
Link*, 116 Mo. 123; *Norton v. Paxton*, 110 Mo. 456;
*Dlauhi v. Railroad*, 105 Mo. 645; *Buddenbery v. Trans.
Co.*, 108 Mo. 394; *Bluedorn v. Railroad*, 108 Mo. 439;
*Ferguson v. Brown*, 1 Mo. App. 458; *McGowan v. St.
L. O. & S. Co.*, 109 Mo. 535, *loc. cit.*   (10)   The court
erred in refusing instructions asked by defendant.   ''If
the house fell down before the fire, and the fall of the
house caused the fire,'' then the defendant was not liable.
*Nave v. Ins. Co.*, 37 Mo. 430; *Roe v. Ins. Co.*, 17 Mo.
30, *loc. cit.*; *Gas Co. v. Ins. Co.*, 33 Mo. App. 359–386,
*loc. cit.*; Wood on Ins. [2 Ed.], sec. 85, and note, sec.
122; Ostrander on Ins., pp. 516–518, 2 May on Ins.,
sec. 412; *Ins. Co. v. Co-op. Ass'n*, 77 Tex. 225; *Nichols
v. Ins. Co.*, 71 Miss. 465; *Huck v. Ins. Co.*, 127 Mass.
306; *Brady v. Ins. Co.*, 11 Mich. 444; *Beakes v. Ins.
Co.*, 143 N. Y. 402; *Ins. Co. v. S. R. Co.*, 57 Fed. Rep.
294; *Brady v. Ins. Co., supra; Roe v. Ins. Co.*, 17 Mo.
305, *loc. cit.*; *Ins. Co. v. Seaver*, 19 Wall. (U. S.) 543;
*Ins. Co. v. Boon*, 95 U. S. 130; *Kreuziger v. Railroad*,
73 Wis. 158.

*A. B. Lucas* and *Kelso & Schooler* for respondent.

(1)   The court did not err in overruling defendant's motion to strike out parts of plaintiff's reply. Session Acts, 1889, pp. 55, 56; Revised Statutes, 1889, sec. 5909; *St. Louis v. Russell*, 9 Mo. 507, *loc. cit.* 513; *Blair v. Ins. Co.*, 10 Mo. 559, *loc. cit.* 566.   The reply was not a departure from the petition.   Stephen on Pleading [Heard's Ed.1867], 410, sec. 6, rule 1; 1 Chitty on Pleading [16 Am. Ed.], p. 678; *Gaslight Co. v. Ins. Co.*, 33 Mo. App. *loc. cit.* 384, 385; *Lanitz v. King*, 93 Mo. 513; *Mohney v. Reed*, 4 Mo. App. 99; *Hill v. Coal Co.*, 119 Mo. 30; *State to use v. Williams*, 48 Mo. *loc. cit.* 212, 213; *State ex rel. v. Rau*, 93 Mo. 126; *Blatz v. Lester*, 54 Mo. App. 284; Bliss on Code Pleading [Ed. 1879], sec. 352, 396; *Ins. Co. v. Rivers*, 28 S. W. Rep. 453; *Gaslight Co. v. Ins. Co.*, 33 Mo. App. 484, 485; Bliss Code Pl. [Ed. 1879], p. 408, sec. 352; Bliss Code Pl. [Ed. 1879], sec. 317.   (3)   The court committed no error in overruling defendant's objection to the testimony of plaintiff as to the offer of defendant to pay him $175, etc.   The offer itself was relevant and competent to corroborate the testimony of plaintiff.   *Blair v. Ins. Co.*, 10 Mo. 567, *loc. cit.; Ben. Ass'n v. Kribben*, 48 Mo. 37; *Northrup v. Ins. Co.*, 47 Mo. 437; *Graybill v. Ins. Co.*, 32 N. E. Rep. 632.   (4) There was no error in permitting witness Farrell to use list of property.   *Nipper v. Jones*, 27 Mo. App. 538; *Robertson v. Reed*, 38 Mo. App. 32.   The objection to counsel being permitted to hold the list in his hand and to ask leading questions from it is trivial.   The questions were not leading.   1 Greenleaf Ev. [13 Ed.], sec. 434.   (5)   There was no error in admitting the testimony of Wheat as to what it would cost to replace the building.   (6) The error, if any, in admit-

ting the Funderburg deposition was not prejudicial to appellant. *Wilkerson v. Ins. Co.*, 54 Mo. App. *loc. cit.* 665; *Mayer v. Old*, 57 Mo. App. *loc. cit.* 646; *Crook v. Tull*, 111 Mo. 283. (7) To appellant's point 3 as to offer to show by Gibson that plaintiff applied to him to make proofs of loss under another policy, it is a sufficient answer to say that Gibson stated in his testimony that he did not know what object Farrell had in going to see him. *Olferman v. Railroad*, 125 Mo. 112, 113, at end of paragraph 2. But the communication was privileged. Stephen's Dig. of Law of Ev., sec. 115; *Moore v. Wingate*, 53 Mo. 408–410. (8) Defendant is liable if the insured property was destroyed by fire, whether the building was on or off the foundation, unless he might have saved the property by the use of "due diligence to save property" from fire within the meaning of the by-law set up in defendant's answer, and failed to use such diligence. Nothing short of this would bring this case within the ruling of the court in *Nave v. Ins. Co.*, 37 Mo. 430, and *Gaslight Co. v. Ins. Co.*, 33 Mo. App. 357–387, cited in appellant's brief. The mere removal of insured building, even by the voluntary act of the insured, does not avoid the policy, unless the risk is increased thereby. *Griswold v. Ins. Co.*, 70 Mo. 654, affirming s. c., 1 Mo. App. 97; *Breuner v. Ins. Co.*, 51 Cal. 101, s. c., 21 Am. Rep. 703; 7 Am. and Eng. Encyclopedia of Law, p. 1043, IV. II.; *Ins. Co. v. Trans. Co.*, 12 Wall. 194; 7 Am. and Eng. Encyclopedia of Law. p. 1040, IV. Fire caused by lightning is covered by fire policy. 7 Am. and Eng. Encyclopedia of Law, p. 1042, IV, 8; *Renshaw v. Ins. Co.*, 103 Mo. 601, 602; *St. John v. Ins. Co.*, 11 N. Y. 519. (9) There is no such conflict between instruction number 17 and the instruction given for plaintiff as to justify a reversal. (10) Notwithstanding the recent decision of this court in the

case of *Van Riper v. Morton*, 61 Mo. App. 440, we think the court below did not err in directing the jury to allow interest from the commencement of the suit, and as the only authority cited in that case which decides the point in judgment (*Shockley v. Fischer*, 21 Mo. App. 551) was decided without the benefit of a citation of any adverse authority, we respectfully ask that the point be reconsidered. The interest is a mere incident of the principal debt. *Harwood v. Larramore*, 50 Mo. 414, *loc. cit.* 415. The bringing of the suit is a sufficient demand. Green's Pl. and Pr., p. 235, sec. 617, and cases cited. It is a sufficient demand as matter of law by force of the statute. *Berner v. Bagnell*, 30 Mo. App. 545, *loc. cit.;* R. S. 1889, sec. 2216; Bliss on Code Pl. [Ed. 1879], sec. 165; *Lane v. Gluckauf*, 28 Cal. 288; *Cassacia v. Ins. Co.*, 28 Cal. 628; *Rush v. Brown*, 101 Mo. 592. It seems to us that this question is plain, when section 2039 and section 2216 Revised Statutes are construed together.

SMITH, P. J.—This suit was brought on a fire insurance policy in which plaintiff had judgment and defendant appealed.

I.   The defendant objects that the trial court erred in its action refusing to strike out paragraph 2 of the plaintiff's replication, in which it was alleged that plaintiff "did not know whether the fire by which said building and contents were destroyed caught therein, or was communicated thereto from a stove, as alleged in said answer, or from a discharge of lightning or electricity from and in the course of said electric storm, but he believes that the fire originated from one or the other of said causes," etc.

The petition alleged that the plaintiff's dwelling house and contents, covered by the policy sued on, were totally destroyed by fire. The answer of the

defendant was that the plaintiff's loss was not caused directly by fire, but that the plaintiff's said building was wrecked or blown down by a cyclone or windstorm and that fire afterward caught in the materials of which said building was constructed, and in the contents thereof, from a stove in which fire was burning before said building was blown down.   That the cause of the loss was the wrecking or blowing down of said building from its foundations by said cyclone, or windstorm, whereby said fire was started, etc.   This was no more than an allegation that the destruction of the plaintiff's building and contents was accomplished by other agencies, or in another way, for which there was no liability.   In legal effect, it was a denial of the allegation of the petition that the destruction of the plaintiff's building and contents was caused by fire.   It did not amount to new matter, constituting a defense, and therefore the plaintiff was not required to reply thereto. The matter of the replication, to which objection is taken, should have been stricken out, since it was a "useless cumberer of the ground;" but the failure of the court to do so did not injuriously affect the defendant.

II.   The plaintiff testified that he gave the notice of the fire to defendant's secretary within the five days thereafter required by the terms of the policy.   The defendant's secretary in his testimony flatly contradicted the plaintiff in respect to that.   The plaintiff was permitted, over the objections of defendant, to introduce in evidence the record of the proceedings of the board of directors of the latter, which tended to show that within five days after the happening of the plaintiff's loss there was a meeting of said board and the subject-matter of plaintiff's loss was taken up and considered by it and an offer of $175 was authorized to be made to plaintiff in settlement of his loss, which

offer defendant's secretary testified was accordingly made but was by the plaintiff rejected. This evidence was not admissible to show liability, but was admissible to corroborate plaintiff's testimony as to the timely giving of notice of the fire. The disclosure of the record of the defendant's board of directors was such as to fairly authorize the inference that the defendant had notice of the fire and therefore was corroborative of the plaintiff's testimony in that regard.

III. The defendant further objects that the court erred in its action permitting plaintiff, while testifying, to aid his memory by the use of a list of the personal property lost, which had been made several months after the fire occurred. It appears from an examination of the plaintiff's testimony that, in stating the various articles of such personal property, he relied on his independent recollection, except in two or three instances, where he resorted to the list to refresh his memory. Perhaps it was not proper for the plaintiff to have used the list in giving his testimony, but since his wife testified to the loss of the same articles without the aid of any memorandum, it is not perceived that the use of such list was harmful. Plaintiff's testimony was, at most, but corroborative.

IV. The defendant further objects that the court erred in permitting the witness Wheat to testify what it would have cost to replace the plaintiff's house on the foundation from which it had been removed by the storm. He testified that it could have been put back all right for $20. The effect of this testimony was to diminish the *quantum* of the plaintiff's damages, if he was entitled to recover. If irrelevant, it was not harmful to the defendant.

V. The defendant further objects that the court erred in permitting the plaintiff to read in evidence the

deposition of Funderburg. It appears from the deposition that the witness was a resident of the county in which the trial was had and there was no fact shown, which, under the statute, authorized it to be read. But while this is so, it also appears from the deposition itself that no fact was testified to by him which had not been testified to by other witnesses whose competency was not questioned. In view of this we can not discover that, had the deposition been excluded, the result would have been different.

VI. The defendant offered to prove by one Gibson that the plaintiff had applied to him to prepare proofs of loss on his building under another policy covering the same. This offer was rejected by the court for the reason that it appeared that Gibson was an attorney and that the communication to which defendant's offer related took place while the relation of client and attorney existed between plaintiff and said Gibson, and was therefore privileged. And this offer, we think, was properly rejected for the reasons just stated. And besides this, there is no force in the defendant's suggestion that the claim of the plaintiff for damages to his building, under a cyclone policy, is inconsistent with the claim that his building was destroyed by the agency claimed in his petition.

The plaintiff, as we have seen from the beginning, entertained the notion that the defendant was not liable for the loss to his building occasioned by the action of the storm in removing it from its foundation. It is shown in the present case that he made no claim against defendant for that item of his damage. His claim under his cyclone policy was therefore not inconsistent with that made against defendant. And hence it follows that in no view of the action of the court, which we are able to take, do we perceive any just ground for complaint by defendant on that account.

VII. The defendant objects that the court erred in giving the plaintiff's second instruction, for the reason that under the facts embraced in its hypothesis and the provisions of section 6 of defendant's by-laws, plaintiff was only entitled to fifty per cent of the amount issued. The provisions of section 6 are not pleaded and therefore can not be invoked as a limitation of the amount of damages which plaintiff is entitled to recover under the provisions of the policy. *Pabst Brewing Co. v. Ins. Co.*, 63 Mo. App. 663. Besides this, since the undisputed evidence shows the building to have been totally destroyed by the fire, the plaintiff, under the statute, was entitled to recover the full amount of the insurance, their being no evidence of depreciation. R. S., sec. 5897.

The defendant further contends that the said instruction is erroneous in that it told the jury that even though plaintiff's building was removed from its foundation and damaged thereby, yet if they further believed that it remained near the foundation and thereafter took fire from a stove in the building, or from a stroke of lightning, etc., their verdict should be for the plaintiff, for such sum as it was worth after being removed from its foundation. This is not a case like that of *Nave v. Ins. Co.*, 37 Mo. 430, where the plaintiff's building had ceased to be such and had become a mere congeries of materials before the fire occurred and by reason of a cause not insured against in the policy. Nor is it a case where the cause of the loss of the building was not the fire but a fall. Nor is it one where the fire sprang up afterward in the rubbish and destroyed the fallen materials. Here the building, subject to some slight injuries, though removed from the foundation, could still be indentified as the subject of the insurance. Its structure and location were such that it could still be identified

from the description contained in the policy. Here, as in *Griswold v. Ins. Co.*, 70 Mo. 654, and 1 Mo. App. 96, the building had been removed from its original foundation, but was still on the land described in the policy. Here the building was removed by an agency, over which plaintiff had no control, while there it was removed by the insured. In principle there is no distinction between the cases, so far as the removal of the buildings affects the risk. There it was held the risk was not affected by the removal. The decisive question, after all, is whether the loss can be fairly attributed to the risk and whether it was occasioned by it. In *Roe v. Ins. Co.*, 17 Mo. 301, it is stated that "where a vessel was stranded by an unavoidable sea risk, and in that condition was set fire to by a company of French soldiers, the loss of the ship by such burning would not be attributed to the sea risk, if, without the intervention of the fire, she could have been gotten out safely. *Patrick v. Ins. Co.*, 11 Johns. 18." Applying a like principle to the facts of the present case, and the conclusion must be that the loss of the building by the fire could not be attributed to the agency of the storm, for without the intervention of the fire, it could have been, at slight expense, restored to its former condition on the original foundation.

In *Ins. Co. v. Transp. Co.*, 12 Wall. 194, it was said: "It is true, as argued, that as the insurance in this case was only against fire, the assured must be regarded as having taken the risk of collision, and it is also true that the collision occasioned the fire; but it is well settled that when the efficient cause nearest the loss is a peril expressly insured against, the insurer is not to be relieved from responsibility by his showing that the property was brought within the peril by a cause not mentioned in the contract. *St. John v. Ins.*

*Co.*, 1 Kernan, 511." * * * "In the case before us, there is no exception of collisions, or fires caused by collisions. It must therefore be understood that the insurers took the risk of all fires not expressly excepted."

In the policy in the case before us, there is no exception of fires by storm, cyclones, or lightning, and, therefore, according to the principle enunciated in the quotation just made, the defendant took the risk of the fire which caused the plaintiff's loss, even though it was caused by one or more of the three above named agencies. The present policy, we think, insured the plaintiff's property against loss by fire, however caused, since it contains not a single exception. *Renshaw v. Ins. Co.*, 103 Mo. 601. It follows that the direction of the plaintiff's second instruction, heretofore referred to, was a correct expression of the law applicable to the facts it hypothetically states.

The plaintiff's first and second instructions told the jury that if they found for plaintiff, they should allow interest on the damages from the date of the commencement of the suit. Since the petition does not directly or indirectly demand judgment for interest, the instructions, so far as they authorized the allowance of interest, must according to previous rulings of this court, be deemed error. *Shockley v. Fischer*, 21 Mo. App. 551; *Van Riper v. Morton*, 61 Mo. App. 444.

VIII. No serious objection is perceived to plaintiff's third instruction, in relation to the measure of diligence enjoined upon him to save the property from destruction by the fire.

Instruction number 17, given by the court of its own motion, told the jury that before they could find for plaintiff they must find the fire was the original cause of the loss, and if they found that while a fire

was burning in a stove in plaintiff's building, it (the building) was blown down by a cyclone or windstorm, and the fire in such stove was thereby communicated to said building after it was blown down, and it was thus destroyed, then the cyclone or windstorm was the original cause of the loss and the verdict should be for defendant. This instruction we think erroneous in theory and it is, besides, repugnant to those given for the plaintiff. It is, however, but a repetition of the rule asserted in at least five of the sixteen instructions asked by the defendant. It asserts the rule invoked by the defendant and the latter ought not to be heard to complain of the action of the court in giving it. The jury disregarded it and found according to the plaintiff's instructions. It was an instruction for defendant. Although given by the court apparently on its own motion, it is the same thing as if it had been given at defendant's request, since the clear inference is that it was but a substitute for those requested by defendant, embodying identically the same rule. It is manifestly erroneous when viewed in the light of what has been hereinbefore said by us in paragraph 7. And being erroneous, the fact that it is inconsistent with the plaintiff's instructions, constitutes no ground for disturbing the judgment. *Blackwell v. Bailey*, 1 Mo. App. 328; *Lohse v. Railroad*, 44 Mo. App. 645. This instruction, instead of facilitating the finding by the jury for the plaintiff, was an obstruction thereto, and therefore the giving of it did not prejudice the rights of the defendant.

IX. The court did not err, as defendant contends it did, in refusing its instructions numbers 2, 3, 4, and 5. These instructions, as already remarked in the preceding paragraph, embody the same rule as that declared in instruction number 17, given by the court on its own motion. The defendant had the full benefit of

the theory of these instructions. As elsewhere herein indicated by us, if the plaintiff's building was blown down by the storm and reduced to a mass of rubbish, so that its identity as the building insured was thereby destroyed the mere fact that fire afterward took place, from any cause, in the mass of its ruins, and destroyed the same, would create no liability under the policy. But if, as the evidence tended to show was the fact, the building was not blown down by the storm, but merely removed a few feet from its foundation and left sufficiently intact as to be still subject to identification as the building covered by the risk, by a reference to the description in the policy, and one or more of the agencies of the storm, wind, or electricity caused fire to be communicated to the building, either from that in the stove contained therein, or in any other way, whereby such building and contents became a loss, then there was liability on the part of defendant. Defendant had insured the plaintiff's property against loss by fire, and if it was destroyed by that element, no difference whether occasioned by windstorm or lightning, there is liability. The contract of insurance contains no exception exempting defendant from liability for fire occasioned by storm or lightning, and it must, therefore, be held that the loss in question is one included in the risk and for which it is liable.

It results that the judgment will be affirmed, if the plaintiff, within ten days hence, will file with the clerk of this court a *remittitur* of $78.93, the amount of the interest allowed by the jury under the erroneous directions contained in plaintiff's instructions. Otherwise the judgment will be reversed and cause remanded. All concur.