NEOSHO CITY WATER COMPANY v. CITY OF NEOSHO, *Appellant.*

In Banc, December 23, 1896.

1. **Municipal Corporation**: ORDINANCE. The decision of the court in *Saleno v. City of Neosho*, 127 Mo. 627, sustaining the validity of the city ordinances involved in this case, affirmed.

2. **Practice**: INSTRUCTION: WAIVER OF ERROR. A party can not complain of an instruction given at his request, nor can he complain of the sufficiency of the evidence to support an instruction so given at his instance.

3. **Municipal Corporation**: CONTRACT: WATERWORKS. Although waterworks contracted for by a city are not completed within the time prescribed in the contract, yet their acceptance by the council is, in the absence of fraud, binding on the city.

4. ——: ——: ——: SET-OFF: COUNTERCLAIM. While the city, notwithstanding such acceptance on its part, might recover damages for breach of contract for failure to complete the works within the prescribed time, yet such claim, to be available in an action on the contract by the contractor against the city, must be presented by way of set-off or counterclaim.

5. ——: ——: ——. Where a city ordinance authorizing a contract for waterworks, and which had been ratified by a two thirds vote of the people, provided that the city should pay the contractor an agreed sum for the fifty hydrants erected upon the first five miles of pipe laid, and for all hydrants in excess thereof an annual rental of $30 each, *held*, that a second ordinance for the erection of the additional hydrants was not required, and that their erection where the city had access to them, and their use by the city, would be deemed an acceptance and binding on it.

6. ——: ——: ——.  An ordinance granting an exclusive water right for twenty years *held* valid though a provision for an extension for another twenty years was invalid, the grant for each period being distinct and severable.

7. ——: ——: ——: INTEREST.  In an action against a city, on a written contract, for water rental payable in semiannual installments, where interest was not provided for on after-due installments, plaintiff is entitled to interest at six per cent on such installments without demand, under Revised Statutes, 1889, section 5972, providing for interest at said rate, where no rate is fixed, on moneys due on written contracts, and on accounts after demand.

*Appeal from Barton Circuit Court.*—HON. D. P. STRATTON, Judge.

AFFIRMED.

*O. L. Cravens* and *George Hubbert* for appellant.

(1) In cases like this, of alleged municipal contracts, based on election and special vote by the people, under a statute, the authority to make them could not exist apart from the expressly voted assent to the contract.  The vote and proposition constitute the very charter of authority with its limitations.  The right to give or withhold the authority, in the very nature of the case, implies and involves the right and power to impose conditions in the contract made or to be made. And this principle is so immutable that not only municipal agents but the municipalities themselves by second election, and even the state legislatures, are held powerless to dispense with contracted conditions; otherwise they might thus practically make new contracts.  *Clark v. Rosedale*, 12 S. Rep. (Miss.) 600; *Board, etc., v. Walbridge*, 38 Wis. 179; *Hodgman v. Railroad*, 20 Minn. 48; *Richeson v. People*, 5 N. E. Rep. (Ill.) 121; *Eddy v. People*, 20 N. E. Rep. 83; *Bank v. Franklin Co.*, 128 U. S. 526; *Cooper v. Sullivan Co.*, 65 Mo. 542, 545; *Platteville v. Railroad*, 43 Wis.

493; *People v. Waynesville*, 88 Ill. 469; *Casey v. People*, 24 N. E. Rep. 570; *State ex rel. v. Court*, 64 Mo. 30; *Onstott v. People*, 15 N. E. Rep. 34; *Wagner v. Meety*, 69 Mo. 150; *State v. Montgomery*, 74 Ala. 226; *Black v. Cornell*, 30 Mo. App. 641. (2) That the city officers had no power to waive, surrender or suffer estoppel of any contracted rights of the city, its voters and taxpayers, by attempted acceptance or use of the waterworks, out of time and with deficient power, as they were, would seem clear, from the principal underlying the text and cases above mentioned. But those authorities are not all by any means. *McGillivray v. Barton Tp.*, 65 N. W. Rep. 974; *St. Louis v. Gorman*, 29 Mo. 593; *State v. Bank*, 45 Mo. 528; *McKissick v. Mt. Pleasant*, 48 Mo. App. 416; *Noel v. San Antonio*, 33 S. W. Rep. 263; *State ex rel. v. Murphy*, 31 S. W. Rep. 784. (3) It is a general rule in a court of law that a specified time is as much the essence of the contract as is the manner of performance. Lawson on Contracts, sec. 407; Bishop on Contracts, sec. 1344; *Railroad v. Levy*, 17 Mo. 501. (4) In contracts like the one in question the voters must themselves first specify or specifically assent to the particular amount or rate. They can not delegate to the city officers the power to subsequently make the same definite and certain, and so repose in them a trust the legislature designed to withhold. R. S. 1889, secs. 1947, 1948, 1949, 1656; *Mercer v. Railroad*, 27 Pa. St. 389; *State ex rel. v. Saline Co. Court*, 45 Mo. 242; *Katzenberger v. Aberdeen*, 121 U. S. 172; *Hill v. Memphis*, 134 U. S. 198; *Richardson v. McReynolds*, 114 Mo. 641; *Norton v. Dyersburg*, 127 U. S. 160. (5) No debt can be lawfully contracted for a city, in the absence, at the time, of the power to provide means, and of the means provided for payment by taxation. *Biddle v. City*, 18 S. W. Rep. 691; *Waco v. McNeil*, 29 S. W. Rep. 1109; *Cook v. City*, 48 N. W. Rep. 828;

*Terrel v. Dessant*, 71 Tex. 770; *Gould v. City*, 4 S. W. Rep. 650; *Loan Ass'n v. Topeka*, 20 Wall. 660. (6) Where there is a valid express modification of the terms of a previous contract, or waiver of performance of its conditions by the agreement of parties, it is so far changed in its identity—so far made a new contract—that it can not be the ground of action and recovery, as on an express contract, without being declared upon as it stands in the new form, to which changed by such modification; it can not even be pleaded in the new form by way of reply. *Lanitz v. King*, 93 Mo. 513; *Mohney v. Reed*, 40 Mo. App. 99; *Alcorn v. Railroad*, 108 Mo. 81; *Ninman v. Suhr*, 64 N. W. Rep. (Wis.) 1035; *Harrison v. Railroad*, 50 Mo. App. 332; *Rucker v. Harrington*, 52 Mo. App. 487. (7) It is a well settled rule of construction of grants by the legislature to corporations, whether public or private, that only such powers and rights can be exercised under them as are clearly comprehended within the words of the act, or derived therefrom by necessary implication, regard being had to the object of the grant. Any ambiguity or doubt arising out of terms used by the legislature must be resolved in favor of the public. *Minturn v. Larue*, 23 How. 435; *Trenton v. Clayton*, 50 Mo. App. 535; *Knapp v. Kansas City*, 48 Mo. App. 485; *St. Louis v. Bell Tel. Co.*, 96 Mo. 623.

*Jas. H. Pratt* and *Thurman & Wray* for respondent.

(1) The city of Neosho, by a vote of two thirds majority, has the authority to contract a debt in excess of the "income and revenue" for any year, provided such debt does not exceed five per cent of the assessed valuation of such city. The contract sued on contemplates an annual indebtedness, and having been author-

ized by a vote of two thirds majority under express authority of law, is not in violation of section 12, article 10, of the constitution of 1875, even if such contemplated indebtedness does exceed the annual income and revenue of the city of Neosho. A contract contemplating a debt which is valid when made by a city, will not be rendered invalid by such city using the funds for other purposes, with which it was intended such debt should be paid. *Reynolds v. Norman*, 114 Mo. 509; *Bryson v. Johnson*, 100 Mo. 76; Beach on Pub. Corp., sec. 707, and cases cited. (2) A literal compliance with the terms of the contract is not required; a substantial compliance is all that the law requires. *Railroad v. Tygart*, 84 Mo. 263, and cases cited; *Hovey v. Pitcher*, 13 Mo. 191; *Phillips v. Gallant*, 62 N. Y. 264; *Noland v. Whitney*, 88 N. Y. 648. (3) The contract sued on, authorized by a vote of the people of the city of Neosho, vested in the board of aldermen of said city authority to determine for said city whether or not the system of waterworks was constructed and completed in the time and manner contemplated by the contract, and the right and power to accept the same. The board of aldermen having exercised that authority and accepted the works, such acceptance is binding on both parties until set aside for fraud. *Chapman v. Railroad*, 114 Mo. 542; *Williams v. Railroad*, 112 Mo. 463; *Brady v. Mayor*, *etc.*, 30 N. E. Rep. 757. (4) Time is not the essence of this character of contracts unless it clearly appears that it was so intended by the parties. Time is not generally considered the essence of a contract in equity, and this rule has been adopted by most of the code states. Lawson on Contracts, secs. 406, 407, and 408; Bishop on Contracts, secs. 1347, 1348, and 286; Benjamin on Contracts, 140, and cases cited; *Sanford v. Weeks*, 38 Kan. 319; *Carlin v. Cavender*, 56 Mo. 286;

*Railroad v. Tygart*, 94 Mo. 263; *Milton v. Smith*, 65 Mo. 322. (5) There was a substantial compli-ance with the contract on the part of Saleno in con-structing the system of waterworks, and it was properly accepted by the board of aldermen. *Railroad v. Tygart*, 84 Mo. 263; *Railroad v. Atkinson*, 17 Mo. App. 490; *Hovey v. Pitcher*, 13 Mo. 191; *Phillip v. Gallant*, 62 N. Y. 264; *Noland v. Whitney*, 88 N. Y. 648. (6) If it was true that the contract was intended to bind the city for an additional term of twenty years on the expiration of the first twenty years, it would not be void for that reason. Such provision would clearly be severable and not invalidate other provisions of the contract. The valid part is not so dependent upon the invalid as to make the one essential to the other. *Carroll v. Campbell*, 108 Mo. 561; *Hitchcock v. City*, 96 U. S. 344; *Daniels v. Tearney*, 102 U. S. 415; 2 Parsons on Contracts, 800; Field on Corporations, 273; Bishop on Contracts, sec. 392; 1 Dillon on Mun. Corp. [3 Ed.] secs. 421 and 422; Cooley's Const. Lim. [4 Ed.], 215; *State v. Clark*, 54 Mo. 36; *Ensworth v. Curd*, 68 Mo. 285; *St. Louis v. Railroad*, 89 Mo. 44; *St. Louis v. Railroad*, 14 Mo. App. 221; *Danes Co. v. Dickinson*, 117 U. S. 657. (7) The contract, after performance by plaintiff, constituted a debt payable on a "written con-tract" within the meaning of the statute, and it bears interest from the date fixed in the contract when pay-ment should be made. The amount and the time for payment is fixed by the contract, and the court prop-erly required interest to be paid on the several amounts payable. Sec. 5972, R. S. 1889.

BURGESS, J.—Action by plaintiff as assignee of S. V. Saleno on a contract entered into between said Saleno and defendant for hydrant rental, by which the

defendant was supplied with water, at a stipulated price, from July 1, 1892, to January 1, 1895.

The case was tried in the circuit court of Barton county where it had been taken by change of venue from Newton county. As the result of the trial plaintiff recovered judgment in the sum of $8,424.45, from which judgment defendant appealed.

Defendant is a city of the fourth class and by ordinance number 113, approved September 22, 1890, provided for the construction and maintenance of waterworks in said city, and contracted for a supply of water for the use of defendant for a term of twenty years, upon condition that the same should be ratified by a two thirds majority of the legal voters of said city, at a special election to be held for that purpose. A special election was held in said city for that purpose on the fifteenth day of October, 1890, in pursuance of an ordinance of the city, number 114, at which ordinance number 113 was ratified and approved, more than two thirds of the qualified voters of said city voting therefor.

Thereafter on —— day of ——, 1890, defendant by its officers and agents entered into a contract in writing with said S. V. Saleno, for the construction and maintenance of a system of waterworks in defendant city; and to supply the same with water for the term of twenty years. By the terms of the contract, it was agreed by defendant that in consideration of the construction of said system of waterworks by said Saleno, defendant would pay him the sum of $2,000 per annum for the use of fifty hydrants on the first five miles of main required to be laid within the limits of the city, and the further sum of $30 per hydrant for each additional hydrant erected and maintained on each four hundred feet of additional main required to be laid in addition to said five miles. The contract also provided

that the city should have power to order additional mains to be laid in the city, in addition to the five miles to be laid under the contract, and that the hydrant rental should be paid semiannually on the first days of January and July of each year. Saleno constructed the waterworks which were accepted and received by the city. He also constructed mains, and hydrants, according to the terms of the contract, which were accepted and used by the city.

Defendant in its answer avers that said ordinances were and are illegal and void. It then alleges:

"That covering the time for which hydrant rental is claimed in this action, and for each and every year of the city's existence inclusive of the years 1890 and 1891, and down to the present time, the defendant city has necessarily levied and collected for its use and purposes annual taxes upon all taxable property, merchants' licenses, etc., within its limits, to the full extent of fifty cents on the hundred dollars assessed valuation for state and county purposes; and no other or greater taxes have ever been voted or authorized by a two thirds vote of the qualified voters of the city voting at an election therefor, for any purpose whatever, and the whole of the revenue and income of the city lawfully provided, covering and including the aforesaid times and years past, to the present, have been used and consumed by the city in maintaining its government and the performance of its usual and ordinary powers and duties under the laws of the state and ordinances of the city; and the defendant had not and has not any power, under any vote of the people or otherwise, to levy further taxes or increase its income for the purposes of satisfying plaintiff's demands, nor any authority to incur the alleged indebtedness for the said rentals.

"That at the respective times of the said several annual rentals falling due, as by the alleged contract provided, the defendant city was already otherwise subject to its usual and necessary charges, obligations, liabilities, and disbursements, as aforesaid, and also indebted in and for such sums and to such an extent, on account of sundry legal duties, liabilities, contracts, and undertakings, that all the revenue and income it did or could provide under the law was not materially more than sufficient for the necessary funds to maintain its efficiency as a municipality and discharge its duties, pay its debts and perform its current running obligations for the year; so that the city had no power or authority to contract or incur any of the said several, successive installments of indebtedness for hydrant rentals, as averred by plaintiff which have always been so much beyond and above the income and revenue provided in the current year for the purposes of the city.

"That by the terms of the said bill for ordinance 113 and the said alleged contract, it ran and covered the term of forty years, and purported to incur and contract, irrevocably and without any further act or thing to be done in behalf of the city, an indebtedness of the city to the amount of at least $80,000, to be paid by the city in semiannual installments, but amounting to more than five per centum of the whole of the taxable property of the city, the assessed value of which, for state and county purposes, has annually been not exceeding $500,000, at any time; such payments being therein required to begin at the completion of said works on or before the first day of June, 1891; and no provision was made, before or at the time, for a tax to be levied to pay such indebtedness or to meet the hydrant rentals as they matured so no indebtedness would accrue therefor; wherefore the said alleged con-

tract is void and the city is not chargeable by reason thereof or any act performed thereunder."

1.   It is unnecessary to say more with respect to the ordinances which are challenged by defendant both in its answer, and by its counsel in their brief, than that they were held to be valid by the full bench in *Saleno v. Neosho*, 127 Mo. 627, and no sufficient reason has been suggested why the ruling in that case should not be adhered to or the case overruled.

2.   The most important question involved in this appeal is with respect to the sufficiency of the revenues assessed and collected by the city for each year in addition to its ordinary current expenses, to pay the hydrant rental which becomes due in each year.   Defendant insists that the revenues were not sufficient for the purpose.   This was a question of fact to be passed upon by the court sitting as a jury, under proper declarations of law, and upon this branch of the case, at the instance of defendant, the court declared the law to be as follows:

"3.   The ordinances number 113 and 114, could not in legal effect, contract or incur, nor authorize anyone to contract or incur, a debt against the city, beyond the income and revenue for the current year to which applicable."

"16.  If the demand of plaintiff for the years sued for was in excess of the income and revenue provided for such years, then unless at an election held in pursuance of the provisions of ordinances number 113 and 114, the voters by a two thirds majority, voted to incur a debt and at the same time the proper authorities of defendant city provided for the collection of an annual tax sufficient to pay the same as it falls due, the judgment must be for the defendant."

The court found against this contention and will the defendant now be permitted to say, there was no

substantial evidence upon which to predicate the instructions and finding of the court?

It is well established law, that a party can not complain of an instruction given at his request however erroneous it may be (*Flowers v. Helm*, 29 Mo. 324; *Gates v. Railroad*, 44 Mo. App. 488), and we see no reason why the same rule should not apply to the sufficiency of the evidence upon which to predicate an instruction, when challenged by the party, upon that ground, at whose instance it was given.

While the sufficiency of the evidence upon which to bottom the instructions is not directly raised by defendant, such is the logical effect of the position taken by it. Moreover, the evidence tended to show that the annual indebtedness of the city contemplated by the contract did not exceed its annual income and revenues for each year after the payment of all necessary current expenses.

3. While the waterworks were not completed within the time specified in the contract in which they were to have been completed, they were accepted by the board of aldermen of the city, and such acceptance is binding on the parties to the contract until set aside for fraud. *Brady v. Mayor, etc.*, 30 N. E. Rep. 757. If at that time defendant had a right of action against Saleno for failure to comply with the contract on his part, because of defective construction of the works, or because not completed within the time specified, such action was not waived or barred by reason of its having accepted the works. But as no claim for damages is made by way of set-off or counterclaim in this action such defense is not available here.

4. Defendant contends that error was committed in allowing plaintiff rental for thirty-five hydrants as having gone in after the original fifty on the first five miles of main, which were never ordered or contem-

plated by ordinance number 113, and were never form-
ally accepted by it.

Section 5, of ordinance 113, provided that said
city should pay Saleno an annual rental of $2,000 for
the fifty hydrants erected upon the first five miles of
pipe laid, and, for all of said hydrants in excess of fifty,
an annual rental of $30 each. No additional ordinance
was necessary for the erection of additional hydrants,
as the authority to so do is clearly implied by that or-
dinance. The evidence showed that the thirty-five
additional hydrants were completed in May or June,
1892; that the city had access to them, and used them
after that time. As was said by SHERWOOD, J., in
*Water Company v. Aurora,* 129 Mo. 540 (at p. 584),
"Having received the benefit of a contract fairly and
lawfully made, the city should not be permitted to
shirk the burden which goes hand in hand with the
benefit received, by refusing to *technically accept* what
it is perfectly willing to *actually use.* Such conduct
will not be tolerated in a court of justice and we shall
treat the works as accepted by the city."

5. By ordinance number 113, Saleno was granted
the exclusive right and privilege of supplying the city
and its inhabitants with water by a system of public
works for the term of twenty years from the date of its
adoption by a vote of the qualified voters of said city,
and by the same ordinance it was also provided that in
the event of failure of the city to purchase the works
before the expiration of that term, that all the rights,
privileges and franchises, should be extended and
remain in full force and effect for the further period of
twenty years, upon the same terms as provided for as
to the preceding term.

Under Revised Statutes, 1889, section 1589, cities
of the fourth class have no power to contract with any
person, company or association, giving and granting to

such person, company or association the exclusive right to furnish a system of waterworks for the use of such city for a longer term than twenty years, and it is contended by defendant that the contract is an entirety, and being for a longer term than that allowed by statute, the entire contract is null and void.

To this position we are not prepared to assent.

The case at bar is, we think, clearly distinguishable from *Manhattan Trust Co. v. Dayton,* 59 Fed. Rep. 327, and others of a similar character relied upon by defendant, as supporting this contention. In that case the municipal council was authorized by statute to contract for gas for a period not exceeding ten years, and contracted for twenty years, or for an indefinite time, and it was held that the contract could not be sustained as a contract for ten years, but was entirely void. This was upon the ground that the contract was not severable. But in this case the contract was for twenty years, the time allowed by statute, and in case the city did not purchase and become the owner of the works and property within that time, then all the rights, privileges, franchises, duties, obligations, and liabilities granted were extended and to remain in full force for the further period of twenty years. The terms were separate and distinct and the contract clearly valid for the first term of twenty years, because authorized by statute; for the first term in no way depended on the contract for the next term, and was not rendered invalid because of the agreement to extend it at the expiration of that term for another term of twenty years.

It was held by this court in *Carroll v. Campbell,* 108 Mo. 550, that a city ordinance might be held void as to the unauthorized part, and upheld in that part authorized. *Fisher v. McGirr,* 1 Gray, 1; *State ex rel. v. Cramer,* 96 Mo. 76; *County Court v. Griswold,* 58 Mo. 175, are cited as sustaining that ruling.

And it was held in *St. Louis v. Railroad*, 89 Mo. 44, that when the provisions of an ordinance are separable the whole will not be declared void because of the unconstitutionality of a part. The provisions of the contract with respect to the different terms are clearly severable, and although as to the last term the contract may be invalid, it is, we think, not so as to the first.

6. The only remaining point upon which we think it necessary to express an opinion is with respect to interest which was allowed plaintiff at the rate of six per cent per annum from the time the hydrant rental became due according to the terms of the contract on the first days of January and July of each year, in compliance with the terms of the contract by plaintiff.

Section 5972, Revised Statutes, 1889, provides that creditors shall be allowed to receive interest at the rate of six per cent per annum when no other rate is agreed upon, for all moneys after they become due and payable on written contracts and on accounts after they become due and demand of payment is made.

The contract was in writing, it was for the payment of hydrant rental for hydrants to be furnished by plaintiff at the rate of $30 per annum for each hydrant so furnished, on the first days of January and July of each year, which did not create an indebtedness on the part of the city within the meaning of the constitution, article 10, section 12, fixing the limit of municipal indebtedness, until the contract was complied with. *Saleno v. Neosho, supra.* Its terms having been complied with by plaintiff the debt became due at the time fixed by the contract, and in default of payment entitled plaintiff to interest on the amount of the indebtedness at the rate of six per cent per annum from that time without demand. The judgment is affirmed. All concur.