JULIA ANN WOODY, Respondent, v. ST. LOUIS & SAN FRANCISCO RAILWAY COMPANY et al., Appellants.

Kansas. City Court of Appeals, February 1, 1904.

1. **APPELLATE AND TRIAL PRACTICE: Irregular Proceedings: Objections: Exceptions.** Though a proceeding be irregular and out of established precedence, yet, if neither party interposed an objection nor save an exception the appellate court can not review the proceedings.

2. ————: ————: **Fair Trial.** When an issue is raised, fairly submitted and passed upon by the jury the result can not be disturbed when there is conflicting evidence and the trial court can not ignore the facts found by the jury but should act on them.

3. ————: ————: **Reversal of Judgment.** The appellate court is not at liberty to reverse a judgment though irregular and erroneous unless the error committed against the appellant materially affects the merits.

Appeal from Polk Circuit Court.—*Hon. Argus Cox,* Judge.

AFFIRMED.

*J. F. Parker* and *J. T. Woodruff* for appellants.

(1) Defendants' interpretation of the release, and their understanding of the agreement was known to the plaintiff and her attorneys immediately after the settle-

ment, notwithstanding, she never returned or offered to return the $510 paid as a consideration of the compromise, or even as much as tendered a return in her replication, although she does admit therein that she made a settlement of the case. Such being the condition of the case, it was the duty of the court to sustain defendants' motion for judgment upon the pleadings, for plaintiff could not retain the benefits accruing to her by the terms of the compromise, and at the same time, escape its provisions in other respects. Och v. Railroad, 130 Mo. 27; Este v. Reynolds, 75 Mo. 563; Jarrett v. Morton, 44 Mo. 275; Hart v. Hamilton, 43 Mo. 171; Carson v. Smith, 133 Mo. 606; Doane v. Lockwood, 115 Ill. 490; s. c., 4 N. E. 500; Pomeroy, Eq. Jur., 910; Railroad v. Hays, 83 Ga. 558; Ins. Co. v. Howard, 111 Ind. 544; s. c., 13 N. E. 103; Gould v. Bank, 86 N. Y. 75; Cobb v. Hatfield, 46 N. Y. 533; Bispham's Eq. (3 Ed.), s. p. 472. (2) As to the second assignment, that the court erred in narrowing down the issue as to whether the case should be dismissed at the cost of the plaintiff or defendants, and excluding all other issues and compelling the defendants over their objection and protest to go to trial upon that issue, it seems there can be but one answer, which is that the court not only committed error, but error of a kind unheard of under the practice in this State. (3) Where permission is given to prosecute a suit as a poor person, costs can be recovered only as an incident to a judgment. No judgment having been entered for the plaintiff, costs could not be recovered against the defendants. R. S. 1899, sec. 1545; Thompson v. Elevator Co., 77 Mo. 520; Murphy v. Smith, 86 Mo. 333; Hoover v. Railroad, 115 Mo. 77.

*Rechow & Pufahl* for respondent.

Submitted an argument.

SMITH, P. J.—This is an action which was brought in the Polk county circuit court by the plaintiffs George and Julia Ann Woody, husband and wife, against the defendant to recover $5,000 damages for the death of their infant son, Troy, which it was alleged in the petition was occasioned by the negligence of the agents and servants of said railway company while engaged in operating one of its trains of cars, etc. Upon the application of defendant the venue of the cause was removed to the circuit court of Dallas county; and upon their further application it was removed from the latter court to the circuit court of Cedar county, just after which the plaintiff, George Woody, died. While the cause was pending in the last named court some compromise settlement of the cause was entered into between the surviving plaintiff and defendants. The later produced before the court a writing which plaintiff had signed by making her mark and which paper recited that for the consideration of $500 she released the defendants from all manner of actions whatever which she had against them, etc. Defendants further produced another paper similarly signed which authorized the attorneys of the defendants to dismiss the plaintiff's action at her cost. The defendants' attorneys accordingly moved the court to dismiss the action at her costs; but to this she objected on the ground that she had not executed the paper produced by defendants authorizing such dismissal. The court refused to sustain the defendants' motion, and thereupon by consent of parties the venue of the cause was changed back to the circuit court at Polk county.

After three changes of venue and two jury trials without decisive results the defendants filed an amended answer in which, amongst other defenses, was pleaded the release heretofore referred to. The plaintiff filed a replication in which it was alleged that she made a settlement of the cause of action alleged in her

petition and by the terms of which "defendants agreed in. consideration of the release of said cause of action to pay her $510 and also to pay all the costs that had accrued in the action; that the defendants' agents prepared said release papers for her to sign which she understood contained the agreement just stated instead of that pleaded by the defendants in their answer, to which she never assented, made nor entered into; that she was illiterate, could neither read nor write, and made her mark only, and that she did so with the distinct understanding that it embraced the contract as agreed upon in all the conversations and upon all the representations in relation to the matter of such settlement," etc.

At this stage of the case the defendants filed a motion to set aside the order theretofore made permitting plaintiff to prosecute her suit *in forma pauperis* and to require her to give bond for costs, etc. And thereupon the court made an order sustaining the said motion with the qualification that, "the only issue which the court will permit plaintiff to try without giving bond is the issue as to which party should pay the costs already accrued." No exception was taken by either party to this ruling of the court. The plaintiff then filed a motion to dismiss the action at the cost of the defendants, alleging as the ground therefor that she was illiterate, being unable to read or write, and that defendants' agents stated to her that they would pay her $500 and all costs of suit if she would settle her claim; that she, was then in destitute circumstances and was not represented by her attorneys; that defendants procured the services of her mother and brothers to aid them in inducing her to settle said claim, and that by reason of said undue influence she was induced to make the said pretended compromise settlement; that the written contract produced by defendants by which she appeared to have agreed that her action be dismissed at her cost

was never agreed to or signed by her and that such agreement was not her agreement.

The court thereupon required the parties to proceed to trial upon the issue raised by the motion.

There was a trial to a jury, where the evidence adduced tended to prove that the defendants' claim agents came to plaintiff's house about a month after the death of her husband and endeavored to induce her to compromise her claim for the death of her son; that they offered to pay her $510—the $10 to buy something "to go on;" that they prepared the paper which she could not read and which they pretended to read to her, and as read to her it provided that she was to receive $500 and the defendants were to pay the costs of the action she had then pending against them, and so understanding it she signed it by making her mark. The evidence was in many respects conflicting but that for plaintiff tended to support the allegations of her motion.

At the conclusion of all the evidence the defendants requested an instruction in the nature of a demurrer to the evidence which was by the court refused. The court thereupon instructed the jury in effect (1) that the question submitted to it was, "Did the defendant by its agent agree, at the time the compromise was effected, to pay the costs of the action, and (2), that if it believed from the evidence that the stipulations to dismiss the suit offered in evidence was read over to plaintiff and she understood its contents at the time she signed it or made her mark then that writing became the contract between the parties and its answer to the question herewith submitted should be "no." If, however, it believed that the stipulations aforesaid was read to her by defendant's agent, expressing the agreement that defendant should pay the costs, and she did not know at the time of signing this stipulation what its provisions were, then she is not bound by it.

The verdict of the jury was: "Did the defendant by its agents agree at the time the compromise was

effected that the costs of the suit should be paid by defendant? Yes.'' Judgment was thereupon given to the effect that the costs of the suit not theretofore taxed to either party for special cause be taxed against defendant in accordance with the verdict, and that the motion to dismiss the cause be sustained and that execution issue for such costs. The defendant after an unsuccessful motion to set aside the verdict and judgment, appealed.

It must be conceded that the ruling of the court on the defendant's motion to set aside the order allowing plaintiff to prosecute her action as a poor person and to require her to give a bond with security for cost, was unusual, irregular and perhaps outside of the established precedents; yet, as neither party interposed any objection thereto, or, if so, made such objection the basis of an exception but rather acquiesced therein, such ruling is not now before us for review.

And, too, it may be conceded that it was irregular to allow the issue raised by the answer and replication as to whether or not the plaintiff had been induced to agree to and sign the compromise stipulations by misrepresentation and undue influence, or whether or not she had as a part of such compromise agreed that the action should be dismissed at her cost, to be raised by the motion of the plaintiff; yet, as such issue was so raised, fairly submitted and passed upon by the jury, we do not think the result ought to be disturbed, and especially so since it is clear that the evidence introduced on the motion *pro et con* fully justified the verdict of the jury that it was a part of the compromise agreement that defendant should pay the cost. The facts alleged in the motion being thus indubitably established, though, perhaps, in a way somewhat irregular, the court could not ignore their existence and in spite of them refuse to dismiss the action at the cost of defendant.

The judgment dismissing the action, in view of the

evidence, was therefore manifestly right, and though the proceedings leading up to it were perhaps irregular and erroneous, yet, we do not feel at liberty to disturb it because we are expressly commanded by the statute not to reverse the judgment of any court unless we believe that error was committed by such court against the appellant or plaintiff in error and materially affecting the merits.    Section 865, Revised Statutes.

It would have been far more regular and in conformity to the practice established by our code of civil procedure—section 654, Revised Statutes—to have sustained or overruled the defendant's motion without qualification and to have submitted the issue along with other issues raised by the pleadings at a trial thereafter to be had.    But if the issue had been regularly submitted it is difficult to see how a different result could have been reached, and therefore we can not see how the defendant has been prejudiced.

Many questions have been discussed in the brief of the defendant, but in the view which we feel obliged to take of the case it would serve no useful purpose to notice them.    Our conviction is that though the proceeding complained of was in many respects irregular, and perhaps erroneous, yet, as a correct result was thereby reached, we feel constrained to give it our sanction and to affirm the judgment.    All concur.