L. O. BLACK, Respondent, v. J. W. EMORY, Appellant. *

In the Springfield Court of Appeals. August 13, 1925.

1. **APPEAL AND ERROR:** Appellate Practice: Defendant, Whose Construction of Contract Was Adopted at Trial, Cannot Complain on Appeal That Another Construction Should be Made. In action by seller of land in two counts for breach of written contract of purchase and for damages for timber cut, where trial court adopted defendant's interpretation of the contract and of payment made by defendant at time contract was entered into, and defendant's requested instruction on the point was given, and jury followed such instruction, defendant could not complain on appeal because he believed some other construction should have been placed on the contract.

2. **VENDOR AND PURCHASER:** Breach of Contract of Sale of Land: Conversion of Timber: Damages. In action for breach of contract to buy land, which permitted purchaser to "enter at once to cut timber," which was done, vendor's damages are not limited to difference between the agreed price and value of the land at time of breach, but include separate damages for conversion of timber; a party may not refuse to perform a contract and yet retain a benefit under that contract.

3. **APPEAL AND ERROR:** Appellate Practice: Verdict of Jury on Issue Properly Submitted and Supported by Evidence, Binding on Appellate Court. In action for breach of contract to buy land, verdict of jury on issue of whether abstract was furnished within reasonable time, as required by contract, when properly submitted, and supported by substantial evidence, *held* binding on appellate court.

4. ———: ———: Judgment not Reversed for Irregularity in Proceedings, Where Right Result Reached. In view of section 1513, Revised Statutes 1919, appellate court will not reverse a judgment where a right result is reached, although there may be some irregularity in the proceedings.

5. ———: ———: Verdict: Form of Verdict Not Approved, But Not Held Reversible, Where Right Result Reached. Verdict on petition in two counts for breach of contract to buy land, and counterclaim, which stated a finding for plaintiff on each of the counts separately in a certain amount, and lastly stated a finding for plaintiff "on the whole case" in a certain amount, not approved by appellate court as to form, but not held reversible in view of section 1513, Revised Statutes 1919, where right result was reached.

---

*Headnotes 1. Appeal and Error, 4 C. J., Section 2890; 2. Vendor and Purchaser, 39 Cyc., p. 1992; 3. Appeal and Error, 4 C. J., Section 2834; 4. Appeal and Error, 4 C. J., Section 3190; 5. Appeal and Error, 4 C. J., Section 3204.

Appeal from the Circuit Court of New Madrid County. —*Hon. Henry C. Riley*, Judge.

AFFIRMED.

*William Grissom*, of East Prairie, and *Gallivan & Finch*, of New Madrid, for appellant.

*Ward, Reeves & Oliver*, of Caruthersville, for respondent.

BAILEY, J.—This is an action by the seller for breach of contract for the sale of sixty-five acres of timber land. A written contract was entered into May 10, 1920, and recited, among other things, that the price for the land was to be $3250 of which sum $1000 was acknowledged paid at the signing and received by the seller "as a part of the consideration of said sale." The contract was to be fully performed on or before January 1, 1921, at which time the balance of the purchase price was required to be paid. An abstract was to be furnished within a time, not specified; if the title proved

218 Mo. App.—23.

defective and was uncorrected, the contract was to be void and the $1000 paid returned to buyer; if the title proved good and the seller kept his part of the contract, but the buyer failed within the time limited, the one thousand dollars was to be forfeited. The contract further provided that the "purchasers may enter at once to cut timber." The petition was in two counts seeking damages on the first count for breach of the contract of sale and on the second count, the sum of $3578.77 for cutting and converting the timber. The answer admitted defendant cut the timber to the value of $450, but pleaded failure of performance on part of plaintiff and asked that the contract be rescinded and the $1000 paid be returned to defendant. The verdict was for plaintiff on the first count in the sum of $975; for plaintiff on the second count in the sum of $1200 and for plaintiff on the whole case in the sum of $1175. From this verdict and judgment, defendant has appealed.

Defendant assigns as error that the jury disobeyed the instruction of the court and that the verdict was not sustained by the evidence and was excessive; that the court erred in admitting evidence of damages for the reason the contract provided as liquidated damages the sum of $1000.

Defendant's written brief and argument urges first, that the court erred in construing the contract as a penalty in the sum of $1000 instead of $1000 as liquidated damages. Without entering into a discussion of whether or not the clause referred to in the contract is a penalty or is to be construed as liquidated damages, it is our opinion that the trial court adopted the view defendant had at the trial, in giving defendant's instruction No. 4, which, after requiring the jury to find that plaintiff had complied with all the terms of the contract, directed that they should find for plaintiff in the sum he was actually damaged and if the amount was found to be less than $1000, the verdict should be for defendant for the difference and "if the damages were found to equal or exceed

$1000 then, the verdict should be for defendant on plain tiff's petition and for plaintiff on defendant's counterclaim without specifying any sum." It should first be noted that defendant, by his pleading, fails to answer the two counts of plaintiff's petition separately, but offers to pay for the timber (which would apply to the second count) and then prays that the contract be rescinded and the one thousand dollars paid on the purchase price be returned (which would apply to the first count). The instruction above referred to does not specify to which count it is directed, but from its wording it could apply only to the first count, based on the breach of contract. By that instruction defendant placed his own interpretation on the contract, which interpretation not only the court adopted, but the jury likewise. It will be observed the jury found for plaintiff on the first count in the sum of $975. The undisputed evidence disclosed that the difference between the contract price for the sixty-five acres and the value it would have been on January 1, 1921, when the contract was to be consummated, was exactly $975, not taking into consideration, the fact that the timber had been removed. Accordingly the jury determined, as defendant's instruction No. 4 directed, that the actual damage was $975, for which plaintiff was given judgment. The verdict is in three parts and not as clear and in as proper form as it should be. It indicates, however, the jury was attempting to follow said instruction to the letter, for, in addition to the above, it gives defendant credit for $1000 as directed. The court having adopted and the jury followed defendant's interpretation of the contract, he cannot now complain because he believes some other construction should have been placed on the contract. [Harper v. Morse, 114 Mo. 317, 21 S. W. 517; Neosho City Water Co. v. Neosho, 136 Mo. 498, 38 S. W. 89; Farrell v. Farmers Mutual Fire Ins. Co., 66 Mo. App. 153; Flowers v. Helm, 29 Mo. 324; Kansas City S. B. R. Co. v. Kansas City, St. L. & C. R. Co., 118 Mo. 599, 24 S. W. 478.]

In so far as the first count of the petition is concerned, defendant received more at the hands of the jury than he would have been entitled to had the $1000 been construed as liquidated damages for which he contends. In that event, plaintiff would have been entitled to the full amount of $1000, whereas, the jury's verdict was for $975. It therefore, follows, the question of construing the clause relative to the forfeiture of the $1000 as liquidated damages or a penalty is unnecessary in this case.

Defendant further contends plaintiff is entitled to no damages for the cutting and removing of the timber, on the theory that the only measure of damages for the breach of a contract to purchase land is the difference between the price agreed upon in the contract and the value of the land at the time of the breach; "that testimony as to the value of the timber taken is only an element of the damages as above stated." No authorities are cited in support of that astounding proposition. The unfairness of such statement is at once obvious.

If such theory were adopted, defendant could cut the timber off the land (which he did), refuse to comply with the contract and pay the purchase price and thereupon, when sued for damages, limit the plaintiff to the difference between the agreed price and the value of the land as it would have been on the date the contract was to be consummated had no timber been cut or removed therefrom. In such case, the land might have remained the same in value when considered as if no timber had been removed. Defendant could then have retained the timber, recovered his $1000 paid and have left plaintiff with the land minus the timber for which he would receive nothing. But that is not the law. Defendant, under the contract, had a right to cut the timber, but he was required to account therefor in the event the contract was not consummated. [Phillips v. Schall, 21 Mo. App. 38.] A party may not refuse to perform a contract and yet retain a benefit under that contract. [6 R. C. L. 937.]

We are of the opinion the damage for removing the timber was entirely separate and distinct from the contract for the sale of the land. There was ample evidence to support the verdict on the second count as to the value of the timber taken; defendant's own witnesses gave evidence sufficient for that purpose.

Defendant raises the point that no abstract was furnished by plaintiff within a reasonable time as the contract required. That issue was properly submitted to the jury and being supported by substantial evidence, its verdict is binding on this court.

The form of verdict in this case is not approved. We will not reverse a judgment, however, where a right result is reached, although there may be some irregularity in the proceedings. [Sec. 1513, R. S. 1919; Woody v. Ry. Co., 104 Mo. App. 678, 78 S. W. 658; Petersen v. Transit Co., 199 Mo. 331, 97 S. W. 860.] The judgment is accordingly affirmed.

*Cox, P. J.,* and *Bradley, J.,* concur.