## ALBERT M. GLOYD and FLEMMON E. GLOYD, Appellants, v. FREDERICK FRANCK.

### Division Two, March 12, 1913.

1. **PLAT: Surplus in Block: Prorated: Presumptions.** Where it appears that there is, in the frontage of a city block, a surplus of several feet over the dimension as laid down in the plat of the addition on file, it will not be presumed that the street bounding the block on one side has been shifted enough to cause the surplus, but such surplus must be apportioned among the several lots in the block.

2. **CONVEYANCE: Reference to Plat: Instructions.** An instruction is not erroneous in this suit to quiet title, that, where real estate is conveyed by the number of the lot and the name of the addition and by reference to the recorded plat, such plat is to be taken as a part of the conveyance. Although under the circumstances of this case it is useless, it is certainly true.

3. **INSTRUCTIONS: Peremptory: Not Asked.** Plaintiffs in this suit to quiet title cannot complain because peremptory instructions to which they were entitled were not given in their favor since they themselves asked instructions which were given submitting the question to the jury.

4. **TITLE: Adverse Possession: Evidence: Instructions.** Defendant owns lot 58 in a city block and his building upon the front of the lot has for thirty years extended over upon lot 57. The rear of lot 58 was not enclosed on the side toward lot 57 until within ten years before suit was brought, and behind the

Gloyd v. Franck.

building the line of the excavation which sloped up to the alley: was extremely irregular, jagged and sloping on the side toward lot 57. Defendant claims the entire strip from the street front to the alley by adverse possession. *Held*, that, since the defendant had no possession of the part of the strip behind his building, and since his possession of a part did not give him title to the whole—there being no color of title—he has not acquired the unenclosed portion by adverse possession, and an instruction was erroneous which told the jury they must find for defendant if they believed he and his grantors had claimed to own the entire strip for ten years.

5. **COLOR OF TITLE: Boundary Dispute.** Ordinarily color of title does not apply in boundary disputes.

6. **TITLE: Adverse Possession: Presumptions: Burden of Proof.** Where the presumption is, under the circumstances of the case, that the owners of a city lot claimed that it extended as far as their building, the burden of showing that they intended to claim only to the true line, wherever that should be ascertained to be, rests upon him who would dispossess them. And where he makes no effort to discharge that burden, the court will be justified in giving a peremptory instruction for the owners as to the part covered by the building.

Appeal from Jackson Circuit Court.—*Hon. Walter A. Powell*, Judge.

REVERSED AND REMANDED.

*Evans, Williamson & Estill* for appellants.

(1) There is a surplus in the block in question and it should be apportioned among the lot owners in proportion to their respective holdings. Crawford v. Ahrnes, 103 Mo. 96; Newcomb v. Lewis, 31 Iowa, 490; Lincoln v. Edgecomb, 28 Me. 275; Caylor v. Luzadder, 137 Ind. 319; Parks v. Boynton, 98 Pa. St. 370; O'Brien v. McGrame, 27 Wis. 446; Brooks v. Stanley, 66 Neb. 826; 4 Am. & Eng. Ency. Law, p. 868; Pereles v. Magoon, 78 Wis. 27, 23 Am. St. Rep. 389; Miller v. Land Co., 44 Kan. 355; McAlpine v. Reicheneker, 27 Kan. 257; Clayton v. Feig, 179 Ill. 534; Anderson v. Wirth, 131 Mich. 183; Helm v. Wilson, 89 Cal. 593; Eshelman v. Malter, 101 Cal. 233; Martz v. Williams, 67 Ill. 306; Witham v. Cutts, 4 Me. 31; Wyatt v. Savage, 11 Me.

429; Long v. Merrill, 24 Pick. (Mass.) 157; Bloch v. Pfaff, 101 Mass. 535; Reimers v. Quinnin, 49 Mich. 449; Wolfe v. Scarborough, 2 Ohio St. 361; Marsh v. Stevenson, 7 Ohio St. 264; Sugar Valley L. Co. v. Barber, 87 Pa. St. 313; Knippa v. Umlang, 27 S. W. 915; Jones v. Kimble, 19 Wis. 429; Westphal v. Schultz, 48 Wis. 78; Francois v. Maloney, 56 Ill. 399; Robeson v. Howell, 23 La. Ann. 601; Baldwin v. Shannon, 43 N. J. L. 596; Sellers v. Reed, 46 Tex. 377; Ware v. McQuinn, 7 Tex. Civ. App. 107. (2) The court erred in giving instruction 8 asked on behalf of respondent. Bowman v. Lee, 48 Mo. 335; Dalby v. Snuffler, 57 Mo. 294; Bradley v. West, 60 Mo. 33; Truner v. Hall, 60 Mo. 271; Huckshorn v. Hartwig, 81 Mo. 648; Milling Co. v. Riley, 133 Mo. 574; Hunnewell v. Burchett, 152 Mo. 611; Wilkerson v. Filer, 114 Mo. 245; Adkins v. Tomlinson, 121 Mo. 487; Crawford v. Ahrnes, 103 Mo. 95; Golterman v. Schiermeyer, 125 Mo. 291; Thomas v. Babb, 45 Mo. 384; Sherwood v. Baker, 105 Mo. 477; Abbott's Trial Ev. (2 Ed.), p. 905, sec. 37. (3) No adverse possession sufficient to vest the title by limitation in respondent is shown by the evidence. Anderson v. McPike, 86 Mo. 393; Shad v. Shart, 95 Mo. 573; Cole v. Parker, 70 Mo. 380; Tamm v. Kellogg, 49 Mo. 118; Houcke v. Batton, 68 Mo. 84; Jacobs v. Moseley, 91 Mo. 457; L. & M. Co. v. Jewell, 200 Mo. 707; Budd v. Collins, 69 Mo. 129; Wilkerson v. Thompson, 82 Mo. 317; Fulkerson v. Brownlee, 69 Mo. 371.

*E. Wright Taylor* for respondent.

(1) Kansas City established and opened Ninth street in the year 1870, 49.50 feet wide, with its center line at Walnut 4.57 feet north of the north line of Swope's Addition. Did this strip in the middle of Ninth street belong to Ross & Scarritt, to Smart & Swope, or to nobody? No witness was asked this question: no one can answer from the evidence. Kan-

sas City took this strip 4.57 feet wide and also 20.18 feet more dedicated by Swope's plat, in all 24.75, for Ninth street in 1870. Then there remained north of lot 62 a strip of 4.57 feet vacated and abandoned by Kansas City. Lot 62 adjoined Ninth street according to the plat. The Ninth street frontage was an appurtenance of lot 62; it had the right to abut on the street. Such is the law. When the United States bought lot 62 for its postoffice it moved its property line to the street as established by the city and built the stone fence that now marks the south line of Ninth in 1881. There is not and never has been a "surplus" in this block. Lot 62 has gained what Kansas City abandoned when she established the south line of Ninth street 24.75 feet south of the south line of Ross & Scarritt's Addition. (2) Even if the strip in controversy be deemed a part of lot 57, yet appellants cannot recover because of adverse claim and possession. Since 1883, Franck's building has occupied this strip; since 1883, his location by the county surveyor has been of public record. (3) The first count of plaintiff's petition is a suit to quiet title under sec. 650, R. S. 1899. Respondent's instruction 8 is copied from the statute. Possession is not a material element in issue. Suit may be brought by any person "whether in possession or not" against any person "whether in possession or not." The Statute of Limitations applicable to real actions applies. Haarstick v. Gabriel, 200 Mo. 242. Franck and his grantors under the facts proven in this case had the right, and were bound, to rely upon the calls and distances of the recorded plats of Swope's Addition for the actual physical dimensions and location of their lot 58. Clark v. McAtee, 227 Mo. 192; Whitehead v. Atchison, 136 Mo. 485; Dolde v. Vodicka, 49 Mo. 98.

ROY, C.—On April 16, 1857, Thomas H. Swope was the owner of the southeast quarter of the northwest

quarter of section five, township forty-nine, range thirty-three, in Jackson county, except a narrow strip off the west side. On that day he filed the plat of "Swope's Addition" to Kansas City. That plat purports on its face to have been made on a survey by "C. P. Wiggin, Surveyor." It also purports to cover a tract of land 1320 feet from north to south and about 1200 feet from east to west. It dedicates 24¾ feet on the north side of it to Cherokee street and also shows Shawnee street sixty feet wide, distant 383½ feet south of Cherokee street. It shows Grand avenue near the center of the plat, and shows James street sixty-six feet wide next west of Grand avenue. There is nothing on the plat to indicate on what ground it is located. To all appearances it was just a paper tossed by the winds. But from the very first it was given not only a name but a "local habitation," i. e., on the above described tract.

At the same time Ross & Scarritt were the owners of the south half of the forty acre tract immediately north of the above mentioned tract; and on April 30, 1857, just two weeks after the filing of Swope's plat, they filed the plat of "Ross & Scarritt's Addition." It, like Swope's, called for no particular tract of land or monument. But, from the first, it has been assigned by everybody concerned to the land so owned by them. The line between those two tracts of land has always been known beyond dispute. That line is the center of what was then Cherokee, now Ninth, street. Shawnee street next south of it is now Tenth; and James street is now Walnut. Ninth and Tenth streets are located on the ground now just as they were when first opened, which we presume occurred immediately after the filing of Swope's plat. There are eight lots shown on that plat fronting west on the east side of Walnut between Ninth and Tenth, numbered from lot No. 55 on the south to No. 62 on the north inclusive. Those lots are all marked on the plat

as forty-eight feet wide except lot No. 62 which is marked 47½ feet.

It is conceded by all parties that between Ninth and Tenth streets on the east side of Walnut the distance measures 388.07 feet, or 4.57 feet more than called for by the plat.

Plaintiffs own lot No. 57, which is the third lot in order from Tenth street. Defendant owns lot No. 58, which is next on the north.

In 1883, defendant's lot No 58 was owned by one Doan, and plaintiffs' lot was owned by the United Presbyterian Church, the title being in trustees. Preparatory to building on lot No. 58, Doan had it surveyed in 1883. The surveyor simply measured from Tenth street north assigning to each lot a front of forty-eight feet and marked the north line of lot No. 58 on the rock which stood above the grade of the street as a point 192 feet north of Tenth street. Doan excavated the lot and built a two-story brick business house thereon forty-six feet wide, aiming to place it one foot from the lot line on each side. The building ran back 100 feet, leaving 15½ feet of open area between the building and the alley. That area was not fully excavated, but sloped from the alley down towards the bottom of the building, which was on grade. The east end of that building was 54/100 of a foot further south than the west end. The wall of the excavation on the south was irregular and jagged, and from the building east to the alley it projected some places north of the line of the wall, and some places it was south of that line. It seems that the excavation was almost entirely of rock.

The title to lot No. 57 passed out of the trustees of the church in 1887, and on December 26, 1906, it was vested in the plaintiffs. The defendant became the owner of lot No. 58 on August 16, 1902. There was never any discussion or dispute as to the boundary line until after the purchase by the plaintiffs. By

accident or otherwise, the other lots seem to have been improved of the width to which they are entitled after allowing their pro rata of the surplus.

By apportioning the surplus among all the lots, the south line of lot No. 58 falls 38/100 of a foot north of the southwest corner of defendant's building, and the north line falls 2.95 feet north of the northwest corner of that building. The south face of the wall of the building on lot No. 59 stands just two feet nine inches north of the north wall of defendant's building as it was originally. In other words, the south face of the wall on lot No. 59 is almost exactly on the north line of lot No. 58 as located by apportioning the surplus.

Soon after Mr. Franck bought lot No. 58 he had it surveyed by Mr. Tuttle, who told him that there was a surplus and that his south wall was 38/100 of a foot too far south and that the right way would be for him to take the surplus on the north between his building and the next building. Mr. Franck immediately reached out with his right hand and took what was coming to him on the north, and with his left hand he held on to what he was told was not his. He remodeled his building and included in it the vacant space on the north.

There was no wall or fence between the area in the rear of defendant's building and lot No. 57 until after the defendant purchased in 1902. The title to lot No. 58 passed out of Doan on November 3, 1888.

The court by instructions asked by plaintiff submitted to the jury the question as to whether there is a surplus in the block.

The court among the instructions gave the following for the defendants:

"5. The court instructs the jury that where real estate is conveyed by the number of the lot and the name of the addition, and by reference to the plat or survey of the addition as the same appears of record,

then, that such plat or survey of such addition as the same appears of record is to be taken as a part and parcel of such conveyance, just the same as if such plat or survey of such addition as the same appears of record had been incorporated in such conveyance by copying such plat or survey of such addition as it appears of record in full in such conveyance."

"8. The court instructs the jury that if you believe from the evidence that the defendant and his grantors have been claiming to have all the right, title, estate and interest in, to and of the real estate described in the first count in plaintiff's petition herein, and have claimed to own the said real estate for a period of more than ten years next last before the filing of plaintiff's petition, herein, then your verdict must be for the defendant as to the first count of plaintiff's petition herein."

The verdict was for defendant and plaintiffs have appealed.

I. Respondent contends that Tenth street is now located just where Swope's plat located it and that by some mischance Ninth street has gotten shifted over .4.57 feet north of where that plat put it. What right has counsel to presume that a narrow strip 4.57 feet wide was omitted from the plat off the north side of Swope's land? He only gave 24¾ feet for Ninth street. He evidently only intended to give half of that street and relied on the other half coming from Ross and Scarritt on the north. He would not leave that narrow strip in the center of Ninth street. We have much more right to presume that Ninth street is properly located than that Tenth street is. Ninth street was on a well-known boundary between two forty acre tracts. The only proper conclusion to be drawn is that both those streets are located where they were originally intended and that there is a surplus in the block and that the

*Surplus in Block.*

line between lots 57 and 58 is 38/100 of a foot north of the southwest corner of defendant's building.

There is nothing wrong with instruction 5 except that it is useless. It is certainly true. Plaintiff was entitled to a peremptory instruction telling **Reference to Plat.** the jury that the true line between the two lots is 38/100 of a foot north of the southwest corner of defendant's building and 92/100 of a foot north of the southeast corner thereof. Of course plaintiffs cannot complain of the failure to so instruct, as they asked instructions which were given submitting that question to the jury.

II. Instruction 8 is erroneous. The strip of land in controversy is in two parts. The east fifteen and a half feet was never enclosed by fence or **Adverse Possession: Instructions.** wall until within ten years before suit was brought. We cannot see how defendant can claim to have had any kind of possession of it. In law the possession is in harmony with the title until the contrary is shown by the evidence. There was no enclosure to indicate possession of that east end of the strip by the owner of lot No. 58. The excavation was not of such a definite character as to indicate the line claimed by the owners of lot No. 58, even if an excavation would under any circumstances be sufficient. The wall of that excavation was extremely irregular, jagged and sloping, so that no line could be fixed by it. It is vain to say that the south line of defendant's wall shows an intention to claim to the continuation of that line as it runs east to the alley. There must be possession of the whole tract claimed, or possession of a part under color of title to the whole. There is no color of title **Color of Title.** here. Ordinarily color of title does not apply in boundary disputes. [Goltermann v. Schiermeyer, 125 Mo. l. c. 300; Hedges v. Pollard, 149 Mo. l. c. 227.] "Any mere mental boundary" which

defendant or his grantors may have drawn from the southeast corner of his building to the alley was insufficient to constitute adverse possession. [Wilson v. Purl, 148 Mo. 1. c. 458.]

As to that part of lot No. 57 actually occupied by the wall of defendant's building, the presumption is, under the circumstances shown in evidence, **Burden of Proof.** that the owners of lot No. 58 claimed that their lot extended as far south as their building, and the burden of showing that they only intended to claim to the true line, wherever that should be ascertained to be, rests upon the plaintiffs. There was no attempt on the part of the plaintiffs to discharge that burden, and the court would have been justified in giving a peremptory instruction for the defendant as to the part covered by that wall. On the question of burden of proof, see Hedges v. Pollard, 149 Mo. 1. c. 226; Milligan v. Fritts, 226 Mo. 189.

On account of the error in instruction 8, as above stated, the judgment is reversed and the cause remanded. *Blair, C.,* concurs.

PER CURIAM.—The foregoing opinion of Roy, C., is adopted as the opinion of the court. All the judges concur.