229 S.W.2d 20 (1950)
HOGSETT
v.
SMITH.
No. 21316.
Kansas City Court of Appeals. Missouri.
March 6, 1950.
*21 J. B. Journey, Nevada, for appellant.
William T. McCaffree, Nevada, C. Myrl McGlothlin, Nevada, for respondent.
BOUR, Commissioner.
This is an action to recover damages for assault and battery. The verdict and judgment were in defendant's favor. Motion for a new trial was overruled, and plaintiff has appealed.
Plaintiff testified that on April 24, 1948, he was walking on the sidewalk across the street from the courthouse in the City of Nevada, and continued: "I started across to the courthouse, and I paused there on the north side of the street, and I never saw Mr. Smith at the time I paused, and I heard him mumbling something, and the wind was blowing awful hard, and I just stuck my head over a little closer to hear what he was saying, and he hit me, * * he hit me right in the mouth, * * * he knocked me back six or seven feet, and I just passed out pretty near, dazed me, * * * it injured my neck." While plaintiff was being cross-examined by defendant's counsel, the following occurred: "The Court: You admit that your man struck him over here? Mr. McCaffree (defendant's counsel): That is quite right." Plaintiff called several witnesses, including a doctor of chiropractic, to prove the nature and extent of his alleged personal injuries.
The defendant did not testify. The only witness called by defendant was the sheriff who testified on direct examination that he was on the north side of the square on the afternoon in question; that he did not see defendant strike plaintiff, but that he did see plaintiff that afternoon, and "well, I didn't know there had been a fight or anything. I saw Mr. Hogsett and his lips was kind of swelled up and some blood was kind of oozing out of one corner." Defendant's purpose in offering this testimony is not apparent. Defendant also introduced in evidence a letter written by plaintiff to defendant, dated February 3, 1948, which will be referred to below.
Plaintiff contends that the verdict was against the weight of the evidence, and that there was not a scintilla of evidence upon which the jury could base a verdict for defendant. As to the first contention, this court has no authority to pass upon the weight of the evidence. The jury did not have to find for the plaintiff merely because his testimony was uncontradicted. The general rule is that when either party submits oral testimony to sustain his burden of proof, the other party, though offering no evidence to contradict it, is entitled to have the jury determine the credibility of the witnesses and the weight to be given to their testimony. The court has no right to instruct the jury that it must believe the witnesses. If, in such a case, the jury returns a verdict in favor of the party not having the burden of proof, it is within the exclusive province of the trial court to determine whether or not a new trial should be granted on the ground that the verdict was against the weight of the evidence. This court has no authority to interfere with the trial court's ruling. Wiener v. Mutual Life Ins. Co. of New York, 352 Mo. 673, 680, 179 S.W.2d 39, 43; Giles v. Moundridge Milling Co., 351 Mo. 568, 571, 173 S.W.2d 745, 747; Woehler v. City of St. Louis, 342 Mo. 237, 239, 114 S.W.2d 985, 986; Connole v. East St. Louis & Suburban R. Co., 340 Mo. 690, 699, 102 S.W.2d 581, 586; Gannon v. Laclede Gas Light Co., 145 Mo. 502, 46 S.W. 968, 47 S.W. 907, 43 L.R.A. 505. Where, however, the opponent, that is the party not having the burden of proof, admits either in his pleadings or by counsel in open court facts upon which the claim of the proponent rests, the judicial admission not only relieves the proponent *22 from adducing evidence to prove such facts, but bars the opponent himself from disputing them. Wild v. Pitcairn, 347 Mo. 915, 926, 149 S.W.2d 800, 805; State ex rel. St. Louis Basket & Box Co. v. Reynolds, 284 Mo. 372, 383, 224 S.W. 401, 403; Pennington v. Kansas City Railways Co., 284 Mo. 1, 16, 223 S.W. 428, 431. Furthermore, such an admission allows the court to direct the jury to take the admitted facts as positively settled, and the proponent is entitled to have the jury so instructed. Coleman v. Jackson County, 349 Mo. 255, 261, 160 S.W. 2d 691, 693; Evans v. Foreman, 60 Mo. 449, 453; Cantrell v. Knight, Mo.App., 72 S.W. 2d 196, 198; Williams v. Williams, 132 Mo. App. 266, 111 S.W. 837.
In the instant case not only does plaintiff's testimony that the defendant assaulted him stand uncontradicted and unimpeached, but the defendant's counsel in open court admitted that defendant struck the plaintiff. The formal admission of defendant's counsel together with the conduct of the case at the trial, and statements and arguments in defendant's brief show that defendant's counsel conceded that defendant struck the plaintiff intentionally. Consequently, the plaintiff was entitled to have the jury instructed that its finding must be for the plaintiff on the question of whether there was an assault by defendant. Williams v. Williams, supra. Before discussing the instructions given at plaintiff's request, we will consider the contentions of the defendant.
Defendant's brief reads in part as follows: "At the trial, defendant, by his counsel, admitted the striking. There was evidence in the case to show that there was sufficient cause or provocation for the blow received by plaintiff from defendant." Defendant then quotes part of plaintiff's testimony on cross-examination and also refers to the letter written by plaintiff to defendant on February 3, 1948, more than two months before the assault. The conclusion which we have reached makes it unnecessary to set forth plaintiff's testimony on cross-examination or the contents of the letter. It is sufficient to say that the evidence does not show "that there was sufficient cause or provocation" for the assault. There is no evidence in the record to show that defendant acted in self-defense. Provocation is not a defense in an action for assault and battery, although it may be shown in mitigation of punitive damages. Hodges v. Schuermann Building & Realty Co., Mo.App., 174 S.W.2d 909; Lawrence v. Womack, Mo.App., 23 S.W.2d 190; 4 Am.Jur. sec. 53, p. 154, sec. 164, p. 203. The plaintiff herein did not pray for punitive damages, and actual damages are not subject to mitigation by proof of mere provocation. See O'Shea v. Opp, 341 Mo. 1042, 111 S.W.2d 40. Furthermore, the evidence in question was not sufficient to show provocation.
We have, then, this situation: Defendant admitted the assault and there was no evidence to show that "there was sufficient cause or provocation" for the assault. Under these circumstances, the only question for the jury to determine was the amount of actual damages, if any, and the plaintiff was entitled to have the jury so instructed. It appears, however, that plaintiff did not request the court to give such an instruction. The plaintiff requested and the court gave instruction No. 1, which reads: "The court instructs the jury that if they find and believe from the testimony that the defendant, * * * without cause or provocation, assaulted plaintiff, by striking the plaintiff with his closed fist in his face or on his chin with great force, then your verdict must be for the plaintiff." Plaintiff's instruction No. 2 told the jury what to consider in assessing damages. Defendant offered no instructions. Thus the plaintiff submitted to the jury the question of whether there was an assault by defendant, and if so whether the assault was "without cause of provocation." As heretofore stated, the plaintiff's second contention is that there was not a scintilla of evidence on which to base the verdict for defendant. Under the record, we cannot consider this contention. Subject to certain exceptions not here involved, this court is prohibited by sec. 847.140, Mo.R.S.A., from considering any allegations of error "except such as have been presented to or expressly decided by the trial court." Here the court *23 below was not given an opportunity at the trial to pass upon the sufficiency of the evidence to support a verdict for the defendant because the plaintiff took no steps to procure a ruling on the question. The plaintiff voluntarily treated the evidence as raising issues for the jury by requesting the court to give instruction No. 1. Having done so, he cannot complain of the sufficiency of the evidence to support the instruction given at his request, and this court cannot consider the question on appeal. White v. United Railways Co., 250 Mo. 476, 482, 157 S.W. 593, 596; Gloyd v. Franck, 248 Mo. 468, 476, 154 S.W. 744, 746; Neosho City Water Co. v. City of Neosho, 136 Mo. 498, 508, 38 S.W. 89, 90; Rankin v. Gaugh, Mo.App., 6 S.W.2d 640; Mayger v. Carlander, Mo. App., 261 S.W. 692, 693; Hallander v. Jefferson Mutual Fire Ins. Co., Mo.App., 218 S.W. 418; Hodges v. Ramsey, Mo.App., 216 S.W. 568, 570; Billingsley v. Kansas City Public Service Co., 239 Mo.App. 440, 191 S.W.2d 331; Swift & Co. v. Epps, Mo.App., 182 S.W. 1024, 1025.
Plaintiff's third contention is "that in the face of peremptory instruction No. 1 to find for the plaintiff, it was error on the part of the court to give the jury an invitation to find for the defendant, by submitting a form of verdict for the defendant, over the objections of the plaintiff." This point must be ruled against plaintiff. In the first place, there is nothing in the record to show that plaintiff made such an objection. In the second place, plaintiff's instruction No. 1 did not direct the jury to find for plaintiff; it authorized the jury to find for either party. In such a case it is not only proper but is the practice to furnish the jury with a form of verdict for plaintiff and also a form of verdict for defendant.
Plaintiff's fourth and fifth contentions are that "the foreman of the jury * * * was guilty of misconduct in leaving the jury room, while said jury was considering their verdict, and coming before the judge privately, and asking the judge on the bench engaged in other matters, if the jury could find for the defendant," and that "it was error for the court to advise the juror, that they could find for the defendant." Since there is nothing in the record to show any such occurrence as that about which the plaintiff complains, these allegations of error cannot be considered by this court.
The judgment should be affirmed.
SPERRY, C., concurs.
PER CURIAM.
The foregoing opinion of BOUR, C., is adopted as the opinion of the court. The judgment is affirmed.
All concur.