**L. W. WRINKLE and Blue Springs Bank, Respondents,**

v.

**IMPERIAL CASUALTY & INDEMNITY COMPANY, Appellant.**

No. 23272.

Kansas City Court of Appeals. Missouri.

Feb. 6, 1961.

William H. Sanders, Dean F. Arnold, Donald L. Dorei, Caldwell, Blackwell, Oliver & Sanders, Kansas City, for appellant.

Charles Shangler, Shangler & Hunsucker, Kansas City, for respondents.

SPERRY, Commissioner.

This is a suit by L. W. Wrinkle, owner of a diesel tractor, and Blue Springs Bank, mortgagee, plaintiffs against Imperial Casualty and Indemnity Company, defendant, for damages to the tractor upon which defendant had issued its insurance policy. From a verdict and judgment for plaintiffs in the sum of $7,200, defendant appeals.

The policy sued on contains the following pertinent clause: "The limit of the Company's liability for loss shall not exceed either (1) the actual cash value of the automobile, or if the loss is of a part thereof, the actual cash value of such part, at the time of loss, or (2) what it would then cost to repair or replace the automobile or such part thereof with other of like kind and quality, with deduction for depreciation, or (3) the applicable limit of liability in the declarations". It also contains a $250 "deductible" clause.

It is not in dispute that the tractor was materially damaged when it overturned on the highway while in operation. The tractor was a 1956 I. H. C., for which Wrinkle paid $9,000 in April, 1957. Wrinkle had made repairs on it costing $2,000 shortly prior to the collision, and stated that its then cash value was from $8,000 to $9,000. He testified that he had made repairs to it and to other tractors and was familiar with such costs; that he went over the tractor and made an estimate of the costs of repairs; that he estimated such costs to be in excess of $8,000, and went no further.

Wrinkle's employer, a truck line operator, estimated the cash value of the truck to be from $8,500 to $10,000, and a Diamond T. tractor salesman, with whom Wrinkle had discussed trading his tractor, estimated the value at from $7,000 to $8,000.

Defendant offered testimony tending to prove that the cash value of the tractor was $5,500; that the cost of repair was $2,708.57; and that the salvage value of the tractor, after the casualty occurred, was $750.

Defendant says that it was required, under its contract, to pay only the *lesser* of the following items: actual cash value of the vehicle or for the loss of any part thereof if the loss should be partial; the cost of repair; or the applicable limit of the policy. It complains that its motion for judgment after verdict should have been sustained because it was liable only for cost of repair, if the tractor was repairable, which its evidence showed that it was; and that plaintiffs' instructions failed to mention such issue.

Plaintiffs' first instruction (its other instruction was on penalties and attorneys' fees and is not involved in this appeal) was as follows:

"The Court instructs the jury that the defendant Imperial Casualty & Indemnity Company of Omaha, Nebraska, issued to plaintiffs its policy of insurance covering loss by collision or upset less $250.00 upon a 1956 Model RD 205 International Harvester Company *Desil* tractor. The Court further instructs the jury that if you find belief from the evidence herein that plaintiffs' vehicle was damaged on or about December 2, 1958, if you so find, as the result of collision or upset then your verdict must be for the plaintiffs and against the defendant. The Court further instructs the jury that the measure of damages to be used in assessing the plaintiffs' damages, if any, is the difference between the reasonable market value of the vehicle before and after the injury, less $250.00."

The instruction is a proper one. Barton v. Farmers Ins. Exchange, Mo.App., 229 S.W.2d 23, 24. In Jenicek v. Harrigan, Mo.App., 217 S.W.2d 764, 767, it was held that the yardstick for the measurement of damages of personal property is the difference between the reasonable market value of it before the injury and the reasonable market value of it after the injury.

In Blashfield, Cyc. of Automobile Law & Practice, Vol. 6, pp. 469–470, it is said that a collision policy limiting insurer's liability to the actual cash value of insured automobile when damaged, and not purporting to prescribe a rule for determining the amount of damages, is not in conflict with the above established rule. In Appleman, Insurance Law & Practice, Vol. 6, p. 18 (Supplement), the following appears: "Limitation of loss to cost of repair or replacement is a limitation on insurer's liability and not an independent measure of damages".

The jury assessed the damages at $7,200, which was well within the testimony and evidence offered by plaintiffs. That testimony was to the effect that the cost of repairing the vehicle was in excess of $8,000, and that its cash value was $10,000. De-fendant's testimony was to the effect that the value of the tractor after being damaged was $750. From that testimony the jury could have found a judgment of $7,200, after allowing $250 as deductible under the policy, as the difference in value before and after the collision.

The testimony as to actual cash value ranged from $5,500 to $10,000. The jury was instructed, for defendant, that, if the cost of repair was less than the actual cash value, then the verdict must not be for more than the cost of repair, less $250. The jury was well instructed as to the law and we presume that the instructions were read and followed. The verdict so indicates.

Defendant charges error in that plaintiff Wrinkle was permitted, over objection, to give testimony as to the cost of repairing the tractor. It is contended that he was not shown to be qualified as an expert on that subject. Plaintiff was shown to be an experienced tractor operator, had made many repairs on this vehicle and was its owner. He had owned at least one truck before this one, and he had negotiated for the sale and exchange of the damaged truck for another before the collision occurred. As a general rule, the question of the qualification of a witness to give opinion evidence is vested largely in the sound discretion of the court. Wipfler et al. v. Basler et al., Mo., 250 S.W.2d 982, 987, 988. The witness demonstrated by his testimony regarding his experience in this field that his knowledge was superior to that of the ordinary person. The court did not abuse its discretion in allowing the testimony.

The judgment is affirmed.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the Court. All concur.